IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01093

Q ADVISORS LLC,

        Plaintiff,

vs.

MERGENCE CORPORATION,

        Defendant.

## MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO RESPOND TO THE AMENDED COMPLAINT

Pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure and Local Rule 6.1, Defendant Mergence Corporation, a Delaware corporation ("Mergence-Delaware"), has moved the Court for an extension to respond to the Amended Complaint. Mergence-Delaware requests that the Court extend the time period for responding to the Amended Complaint to twenty-one days after entry of an order ruling on Mergence-Delaware's motion to dismiss or in the alternative to stay these proceedings pending resolution of an action currently pending in Utah state court.

### FACTUAL BACKGROUND

The factual background relevant to this motion is more fully set forth in Mergence-Delaware's memorandum in support of its motion to dismiss or in the alternative to stay these proceedings pending resolution of the action pending in Utah state court. In summary, key facts include the following:

1. A dispute exists between Mergence-Delaware and Plaintiff Q Advisors, LLC concerning whether Q Advisors is entitled to compensation related to Mergence-Delaware's sale of a subsidiary known as Spring Communications Holding, Inc. Q Advisors' claims are based upon a contract dated January 18, 2013, which provides in paragraph 8 that "This letter agreement shall be governed by and construed in accordance with the laws of the State of Utah as applied to contracts made and performed in such State." (See Exhibit C to Declaration of Jason S. Ellis, ¶ 8, p. 5.) Q Advisors' position in this dispute is based solely upon paragraph 15 of the January 18, 2013 agreement, which provides that in the event Mergence-Delaware pursued a sale or recapitalization of Mergence-Delaware, the parties would "negotiate in good faith a new engagement letter under which Q advisors would be [Mergence-Delaware's] exclusive financial advisor for that assignment/transaction." (*Id.* at ¶ 15, p. 5.)

2. On March 18, 2015, Mergence-Delaware filed suit against Q Advisors, LLC in Utah state court seeking a determination of the parties' rights with respect to the January 18, 2013 agreement.

3. On April 30, 2015, Q Advisors filed a counterclaim against Mergence-Delaware in the Utah action. In the counterclaim, Q Advisors asserts claims for breach of contract and breach of the covenant of good faith and fair dealing, all in an effort to obtain compensation from the sale by Mergence-Delaware of its stock in Spring Communications Holding, Inc. Q Advisors has filed a motion to stay the Utah case pending a determination of this case. Mergence-Delaware has opposed the motion for a stay. Mergence-Delaware has also filed a reply to the counterclaim of Q Advisors. In the Utah action, Mergence-Delaware has also provided initial disclosures, begun discovery, and filed a motion for summary judgment.

4. On May 5, 2015, Q Advisors filed an amended complaint in this action filed in Colorado state court, naming for the first time Mergence-Delaware as a defendant. In the amended complaint, Q Advisors seeks the same relief sought in its counterclaim in the Utah lawsuit. Mergence-Delaware accepted service on May 6, 2015 in the Colorado case, but has not responded to the Amended Complaint. No discovery has been conducted in this case.

5. On May 26, 2015, Mergence-Delaware removed the Colorado state court action to this Court.

6. On May 27, 2015, Mergence-Delaware filed in this Court a motion to dismiss this case or alternatively to stay this case pending resolution of the Utah state court case. (See motion and supporting memorandum, on file.) As more fully set forth in the memorandum of Mergence-Delaware in support of its motion to dismiss or stay, the grounds for the motion are that the identical issues in this case are presently being litigated in the earlier-filed Utah state court case, and the granting of the motion to stay or dismiss is necessary to avoid parallel and piecemeal litigation. The Utah case provides a more convenient forum for resolving this dispute, and Q Advisors' rights will be properly protected there. The transaction for which Q Advisors seeks compensation – the sale of Mergence-Delaware's stock in Spring Communications Holding, Inc. – has no connection whatsoever to Colorado. Utah, rather than federal or Colorado law governs this dispute, and Q Advisors can only prevail if Utah law is modified or extended because current Utah law does not recognize a duty to negotiate an agreement. Such an agreement constitutes an unenforceable agreement to agree in Utah. A Utah state court is best-positioned to consider whether to modify or extend existing Utah law. Q Advisors expressly

agreed that Utah law would govern the parties' dispute because the contract between the parties was "made and performed" in Utah.

## ARGUMENT

Mergence-Delaware requests that the Court extend the time for a response to the Amended Complaint in this case to twenty-one days following this Court's ruling on the motion to dismiss or alternatively to stay.  Rule 6 of the Federal Rules of Civil Procedure provides that extensions may be granted based upon a showing of "good cause."  Here, this standard is met.

Mergence-Delaware should not be required to respond to the Amended Complaint until such time as it is determined where this case will proceed.  It is likely that Mergence-Delaware's response would include a motion to dismiss and/or for summary judgment on one or more grounds, including the following:  1)  This court does not have jurisdiction over Mergence-Delaware because it has never conducted business in Colorado within the meaning of applicable jurisdictional standards and Q Advisors' claims are not connected to Colorado; 2)  The amended complaint fails to state a claim for relief because Utah law does not recognize an agreement to negotiate, and there is no reason to extend or modify existing Utah law; 3)  The amended complaint fails to state a claim for relief because absent an enforceable agreement to compensate Q Advisors for the sale of Mergence-Delaware's stock in Spring Communications Holding, Inc., current Utah law does not recognize a covenant of good faith and fair dealing and there is no reason to extend or modify existing Utah law.  Neither the Court nor the Parties should be put to the expense of further work in this case, including in addressing any of the foregoing motions, until such time as the Court determines whether this case should proceed here or whether this

Court should defer to the Utah case. Judicial economy requires that Mergence-Delaware's motion for an extension be granted.

The Utah case is more advanced than this case, and a motion for summary judgment is pending and discovery has begun. Also, this case has a strong connection to Utah. Q Advisors is a securities broker-dealer that agreed to provide financial advisory services to Mergence-Delaware and its subsidiaries, all of which are headquartered in Utah.

## CONCLUSION

For the reasons set forth above, Mergence-Delaware requests that the Court grant it an extension to respond to the Amended Complaint, with the response to be due 21 days after the Court rules on the motion of Mergence-Delaware to dismiss or stay this case.

DATED this 27th day of May, 2015.

> JONES & KELLER, P.C.
> 1999 Broadway, Suite 3150
> Denver, CO  80202
> Telephone:  (303) 573-1600
> Facsimile:    (303) 573-8133
> tmcmahon@joneskeller.com
> agoldhamer@joneskeller.com
>
>  s/ Aaron D. Goldhamer
> Thomas P. McMahon
> Aaron D. Goldhamer
> *Attorneys for Defendant*

                                                      KRUSE LANDA MAYCOCK & RICKS, LLC
                                                      136 East South Temple, Suite 2100
                                                      P. O. Box 45561
                                                      Salt Lake City, Utah  84145-0561
                                                      Telephone:  (801) 531-7090
                                                      sloosle@klmrlaw.com
                                                      pnielson@klmrlaw.com

                                                       /s Steven G. Loosle
                                                      Steven G. Loosle
                                                      Platte S. Nielson
                                                      *Attorneys for Defendant*
                                                      (*pro hac vice* applications forthcoming)

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2015, I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO RESPOND TO THE AMENDED COMPLAINT** electronically through the CM/ECF system which caused the following to be served by electronic means:

    John S. Phillips
    Sean C. Grimsley
    BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
    1899 Wynkoop Street, 8th Floor
    Denver, CO  80202

                                                      s/ Renae Mesch