# EXHIBIT 2

March 25, 2015 Affidavit of Jason S. Ellis Filed in Colorado State Court

| | |
|---|---|
| DENVER DISTRICT COURT, COLORADO<br>1437 Bannock St., Room 256<br>Denver, CO 80202 | |
| Plaintiff:<br><br>Q ADVISORS, LLC<br><br>v.<br><br>Defendants:<br><br>MERGENCE CORPORATION and JASON S. ELLIS | ▲ **COURT USE ONLY** ▲ |
| *Attorneys for Defendants*<br>Steven G. Loosle (*pro hac vice pending*)<br>Platte S. Nielson (*pro hac vice pending*)<br>KRUSE LANDA MAYCOCK & RICKS, LLC<br>136 East South Temple, Suite 2100<br>P. O. Box 45561<br>Salt Lake City, Utah 84145-0561<br>Telephone: (801) 531-7090<br>Facsimile: (801) 531-7091<br>sloosle@klmrlaw.com<br>pnielson@klmrlaw.com<br><br>Thomas P. McMahon<br>Aaron D. Goldhamer<br>JONES & KELLER, P.C.<br>1999 Broadway, Suite 3150<br>Denver, CO 80202<br>Telephone: (303) 573-1600<br>Facsimile: (303) 573-8133<br>tmcmahon@joneskeller.com<br>agoldhamer@joneskeller.com | Case Number: 15CV30955<br><br>Div.: Ctrm: |

**AFFIDAVIT OF JASON ELLIS**

STATE OF UTAH )
:ss
COUNTY OF SALT LAKE )

Jason Ellis, being first duly sworn, deposes and states as follows:

1. I am over 18 years of age and have personal knowledge of the matters set forth in this affidavit.

2. I am submitting this affidavit with respect to the Complaint filed by Plaintiff Q Advisors LLC against me personally and Mergence Corporation, a Nevada corporation ("Mergence-Nevada"). As I understand the Complaint, Q Advisors asserts claims against me based on its contention that Q Advisors entered into a contract with Mergence-Nevada but Mergence-Nevada "was not legally permitted to transact business under the law of it's state of incorporation." (Complaint, ¶ 16.)

3. Mergence-Nevada was formed in August 2005. I was one of the founding shareholders. Attached as Exhibit A is the corporate charter and articles of incorporation for Mergence-Nevada.

4. Mergence-Nevada has never conducted any business in Colorado or elsewhere. Mergence-Nevada has never owned property nor engaged in any business operations in any state, including Colorado.

5. The officers of Mergence-Nevada allowed the company's charter to expire because the company was not engaging in any business.

6. Mergence-Nevada has never had any employees, officers, agents, offices, bank accounts, or phone listings in Colorado. Mergence-Nevada has never advertised or registered to

do business in Colorado, nor has it solicited business or sold any products or services in Colorado or any other state.

7. Mergence-Nevada has never entered into any contract with Q Advisors. Mergence-Nevada has never contacted Q Advisors directly or through an agent to transact business with Q Advisors.

8. I personally do not own or lease any property in Colorado, nor do I conduct any business in Colorado. I do not have an office in Colorado, nor do I have a bank account or phone listing in Colorado. I have never lived in Colorado, filed taxes in Colorado, or held any professional or other license in Colorado.

9. I have never conducted business with Q Advisors or entered into any contract with Q Advisors in a personal capacity.

DATED this 25th day of March, 2015.

JASON ELLIS

SUBSCRIBED AND SWORN TO before me this 25th day of March, 2015.

NOTARY PUBLIC

HEATHER BAILEY
NOTARY PUBLIC-STATE OF UTAH
COMMISSION# 653777
COMM. EXP. 04-15-2016

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2015, I electronically filed the foregoing Affidavit of Jason Ellis via ICCES which will send a notice of electronic filing to the following:

John S. Phillips
Sean C. Grimsley
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
1899 Wynkoop Street, 8th Floor
Denver, CO 80202
john.phillips@bartlit-beck.com
sean.grimsley@bartlit-beck.com

/s/ Renae Mesch

EXHIBIT A




# CORPORATE CHARTER

I, DEAN HELLER, the duly elected and qualified Nevada Secretary of State, do hereby certify that **MERGENCE CORPORATION**, did on August 2, 2005, file in this office the original Articles of Incorporation; that said Articles of Incorporation are now on file and of record in the office of the Secretary of State of the State of Nevada, and further, that said Articles contain all the provisions required by the law of said State of Nevada.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Great Seal of State, at my office on August 16, 2005.

DEAN HELLER
Secretary of State

By
Certification Clerk



DEAN HELLER
Secretary of State
206 North Carson Street
Carson City, Nevada 89701-4299
(775) 684 5708
Website: secretaryofstate.biz

Entity #
E0534532005-7
Document Number:
20050305728-72

Date Filed:
8/2/2005 11:31:47 AM
In the office of

Dean Heller
Secretary of State

# Articles of Incorporation
(PURSUANT TO NRS 78)

*Important: Read attached instructions before completing form.* ABOVE SPACE IS FOR OFFICE USE ONLY

1. **Name of Corporation:** MERGENCE CORPORATION

2. **Resident Agent Name and Street Address:** (must be a Nevada address where process may be served)
   The Corporation Trust Company of Nevada
   Name
   One East First Street | Reno | NEVADA | 89501
   Street Address | City | | Zip Code
   Optional Mailing Address | City | State | Zip Code

3. **Shares:** (number of shares corporation authorized to issue)
   Number of shares with par value: 20,000 Par value: $ 0.001 Number of shares without par value:

4. **Names & Addresses of Board of Directors/Trustees:** (attach additional page if there is more than 3 directors/trustees)
   1. Jason S. Ellis
      Name
      3939 South Wasatch Blvd., Suite 1 | Salt Lake City | UT | 84124
      Street Address | City | State | Zip Code
   2. Brett Bradshaw
      Name
      3939 South Wasatch Blvd., Suite 1 | Salt Lake City | UT | 84124
      Street Address | City | State | Zip Code
   3. Vernon G. Dickman
      Name
      3939 South Wasatch Blvd., Suite 1 | Salt Lake City | UT | 84124
      Street Address | City | State | Zip Code

5. **Purpose:** (optional-see instructions)
   The purpose of this Corporation shall be:
   wireless services

6. **Names, Address and Signature of Incorporator.** (attach additional page if there is more than 1 incorporator)
   Jason S. Ellis — [signature]
   Name — Signature
   3939 South Wasatch Blvd., Suite 1 | Salt Lake City | UT | 84124
   Address | City | State | Zip Code

7. **Certificate of Acceptance of Appointment of Resident Agent:**
   I hereby accept appointment as Resident Agent for the above named corporation.
   [signature] 7-28-05
   Authorized Signature of R. A. or On Behalf of R. A. Company — Date
   Heidi M. Ulrich Asst. Secretary

*This form must be accompanied by appropriate fees. See attached fee schedule.*

Nevada Secretary of State Form 78 ARTICLES 2003
Revised on: 02/28/03

# ARTICLES OF INCORPORATION
# OF
# MERGENCE CORPORATION

The undersigned incorporator, being a natural person over 18 years of age acting as the incorporator of the above-named corporation (hereinafter referred to as the "Corporation"), hereby adopts the following Articles of Incorporation for the Corporation.

## ARTICLE I
## NAME

The name of the Corporation shall be: Mergence Corporation

## ARTICLE II
## PERIOD OF DURATION

The Corporation shall continue in existence perpetually unless sooner dissolved according to law.

## ARTICLE III
## PURPOSES AND POWERS

The purposes for which the Corporation is organized and its powers are:

(a) providing technical products and services offered in both retail and wholesale markets;

(b) to do all and everything necessary, suitable, convenient, or proper for the accomplishment of any of the purposes or the attainment of any one or more of the objectives herein enumerated or incidental to the powers herein named or which shall at any time appear conducive or expedient for the protection or benefit of the Corporation, with all the powers hereafter conferred by the laws under which this Corporation is organized; and

(c) to engage in any and all other lawful purposes, activities, and pursuits, whether similar or dissimilar to the foregoing, for which corporations may be organized under laws of the state of Nevada and to exercise all powers allowed or permitted thereunder.

## ARTICLE IV
## AUTHORIZED SHARES

The Corporation shall have the authority to issue 20,000 shares, of which 18,000 shares shall be common stock, $0.001 par value ("Common Stock"), and 2,000 shares shall be preferred stock $0.001 par value ("Preferred Stock"). Shares of any class of stock may be issued, without stockholder action, from time to time in one or more series as may from time to time be determined by the board of directors. The board of directors of this Corporation is hereby expressly granted authority, without stockholder action, and within the limits set forth in the Nevada Revised Statutes, to:

(a) designate, in whole or in part, the voting powers, designation, preferences, limitations, restrictions, and relative rights of each class of shares before the issuance of any shares of that class;

(b) create one or more series within a class of shares, fix the number of shares of each such series, and designate in whole or part the voting powers, designation, preferences, limitations, restrictions, and relative rights of the series, all before the issuance of any shares of that series; or

(c) alter or revoke the preferences, limitations, and relative rights granted to or imposed upon any wholly unissued class of shares or any wholly unissued series of any class of shares.

The allocation between the classes or among the series of each class of unlimited voting rights and the right to receive the net assets of the Corporation upon dissolution, shall be as designated by the board of directors. All rights accruing to the outstanding shares of the Corporation not expressly provided for to the contrary herein or in the Corporation's bylaws or in any amendment hereto or thereto shall be vested in the Common Stock. Accordingly, unless and until otherwise designated by the board of directors of the Corporation, and subject to any superior rights as so designated, the Common Stock shall have unlimited voting rights and be entitled to receive the net assets of the Corporation upon dissolution.

## ARTICLE V
## TRANSACTIONS WITH OFFICERS AND DIRECTORS

No contract or other transaction between the Corporation and one or more of its directors or officers, or between the Corporation and any corporation, firm, or association in which one or more of its directors or officers are directors or officers or are financial interested, is either void or voidable solely for this reason or solely because any such director or officer is present at the meeting of the board of directors or a committee thereof which authorizes or approves the contract or transaction, or because the vote or votes of common or interested directors are counted for such purpose, if the circumstances specified in any of the following paragraphs exist:

(a) the fact of the common directorship or financial interest is disclosed or known to the board of directors or committee and noted in the minutes, and the board or committee authorizes, approves, or ratifies the contract or transaction in good faith by a vote sufficient for the purpose without counting the vote or votes of such common or interested director or directors;

(b) the fact of the common directorship or financial interest is disclosed or known to the stockholders, and they approve or ratify the contract or transaction in good faith by a majority vote or written consent of stockholders holding a majority of the shares entitled to vote; the votes of the common or interested directors or officers shall be counted in any such vote of stockholders; or

(c) the contract or transaction is fair as to the Corporation at the time it is authorized or approved.

## ARTICLE VI
## INDEMNIFICATION OF OFFICERS, DIRECTORS, AND OTHERS

(a) The Corporation shall indemnify each director and officer of the Corporation and his or her respective heirs, administrators, and executors against all liabilities and expenses

reasonably incurred in connection with any action, suit, or proceeding to which he or she may be made a party by reason of the fact that he or she is or was a director or officer of the Corporation, to the full extent permitted by the laws of the state of Nevada now existing or as such laws may hereafter be amended. The expenses of officers and directors incurred in defending a civil or criminal action, suit, or proceeding shall be paid by the Corporation as they are incurred and in advance of the final disposition of the action, suit, or proceeding, upon receipt of an undertaking by or on behalf of the director or officer to repay the amount if it is ultimately determined by a court of competent jurisdiction that he or she is not entitled to be indemnified by the Corporation.

(b) The Corporation may, at the discretion of the board of directors, indemnify any person who is or was a party or is threatened to be made a party to any threatened, pending, or completed action or suit by or in the right of the Corporation to procure a judgment in its favor by reason of the fact that he or she is or was a director, officer, employee, or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee, or agent of another corporation, partnership, joint venture, trust, or other enterprise, against expenses, including attorneys' fees, actually and reasonably incurred by him or her in connection with the defense or settlement of the action or suit, if he or she acted in good faith and in a manner he or she reasonably believed to be in or not opposed to the best interests of the Corporation, except that no indemnification shall be made in respect of any claim, issue, or matter as to which such a person shall have been adjudged to be liable to the Corporation, unless and only to the extent that the court in which the action or suit was brought shall determine on application that, despite the adjudication of liability but in view of all circumstances of the case, the person is fairly and reasonably entitled to indemnity for such expenses as the court deems proper.

## ARTICLE VII
## MEETINGS OF STOCKHOLDERS

Subject to the rights of the holders of any series of Common Stock, special meetings of stockholders of the Corporation may be called only by the board of directors pursuant to a resolution duly adopted by a majority of the total number of directors which the Corporation would have if there were no vacancies. At any annual meeting or special meeting of stockholders of the Corporation, only such business shall be conducted as shall have been brought before such meeting in the manner provided by the bylaws of the Corporation.

## ARTICLE VIII
## BOARD OF DIRECTORS

The business and affairs of the Corporation shall be managed and controlled by or under the direction of a board of directors, which may exercise all such powers of the Corporation and do all such lawful acts and things as are not by law or by these Articles of Incorporation directed or required to be exercised or done by the stockholders of the Corporation.

(a) Number. Until such time, if ever, as the Corporation has three or more stockholders, the number of directors shall not be less than the number of stockholders. At such time as the Corporation has three or more stockholders, the number of directors shall not be less than three nor more than nine, the exact number of directors to be fixed from time to time only by the vote of a majority of the entire board of directors. No decrease in the number of directors shall shorten the term of any incumbent director.

Notwithstanding the provisions of the foregoing paragraph, whenever the holders of any class or series of Common Stock shall have the right, voting as a class or series or otherwise, to elect directors, the then-authorized number of directors of the Corporation shall be increased by the number of the additional directors so to be elected, and the holders of such Common Stock shall be entitled, as a class or series or otherwise, to elect such additional directors. Any directors so elected shall hold office until their rights to hold such office terminate pursuant to the provisions of such Common Stock. The provisions of this paragraph shall apply notwithstanding the maximum number of directors hereinabove set forth.

(b) Qualification. The board of directors may, by the vote of a majority of the entire board, prescribe qualifications of candidates for the office of director of the Corporation, but no director then in office shall be disqualified from office as a result of the adoption of such qualification.

(c) Tenure. The term of office of each director shall expire at the annual meeting of the stockholders in the first succeeding year following the year of incorporation or thereafter when his or her respective successor is elected and has qualified. At each annual election, the directors chosen to succeed those whose terms then expire shall be elected for a term expiring at the next succeeding annual meeting or thereafter when their respective successors are elected and have qualified.

(d) Removal. At a meeting of stockholders called expressly for that purpose, one or more members of the board (including the entire board) may be removed, with or without cause, by the holders of two-thirds of the shares then entitled to vote at an election of directors.

(e) Vacancies. Vacancies and newly-created directorships resulting from any increase in the number of directors may be filled by a majority of the directors then in office though less than a quorum, and each director so chosen shall hold office for the unexpired term to which elected and until his or her successor is elected and qualified or until his or her earlier resignation or removal. If there are no directors in office, then an election of directors may be held in the manner provided by law.

(f) Limitation on Liability. A director or officer of the Corporation shall have no personal liability to the Corporation or its stockholders for damages for breach of fiduciary duty as a director or officer, except for damages resulting from (i) acts or omissions which involve intentional misconduct, fraud, or a knowing violation of law, or (ii) the payment of dividends in violation of the provisions of section 78.300 of the Nevada Revised Statutes, as it may be amended from time to time, or any successor statute thereto.

## ARTICLE IX
## NO LIMITATIONS ON VOTING RIGHTS

To the extent permissible under the applicable law of any jurisdiction to which the Corporation may become subject by reason of the conduct of business, the ownership of assets, the residence of stockholders, the location of offices or facilities, or any other item, the Corporation elects not be governed by the provisions of any statute that (a) limits, restricts, modifies, suspends, terminates, or otherwise affects the rights of any stockholder to cast one vote for each share of stock registered in the name of such stockholder on the books of the Corporation, without regard to whether such shares were acquired directly from the Corporation or from any other person and without regard to whether such stockholder has the power to exercise or direct the exercise of voting power over any specific fraction of the shares of stock of the

Corporation issued and outstanding, or (b) grants to any stockholder the right to have his or her stock redeemed or purchased by the Corporation or any other stockholder of the Corporation. Without limiting the generality of the foregoing, the Corporation expressly elects not to be governed by or be subject to the provisions of sections 78.378 through 78.3793 of the Nevada Revised Statutes or any similar or successor statutes adopted by any state which may be deemed to apply to the Corporation from time to time.

## ARTICLE X
## PRINCIPAL OFFICE AND RESIDENT AGENT

The name of the initial resident agent and the address of such initial resident agent and the Corporation's principal office in the state of Nevada are as follows:

The Corporation Trust Company of Nevada
One East First Street
Reno, Nevada 89501

Either the registered office or the resident agent may be changed in the manner provided by law.

## ARTICLE XI
## AMENDMENTS

The Corporation reserves the right to amend, alter, change, or repeal all or any portion of the provisions contained in these Articles of Incorporation from time to time in accordance with the laws of the state of Nevada, and all rights conferred on stockholders herein are granted subject to this reservation.

## ARTICLE XII
## ADOPTION OR AMENDMENT OF BYLAWS

The initial bylaws of the Corporation shall be adopted by the board of directors. The power to alter, amend, or repeal the bylaws or adopt new bylaws shall be vested in the board of directors, but the stockholders of the Corporation may also alter, amend, or repeal the bylaws or adopt new bylaws. The bylaws may contain any provisions for the regulation or management of the affairs of the Corporation not inconsistent with the laws of the state of Nevada now or hereafter existing.

## ARTICLE XIII
## DIRECTORS

The original board of directors shall consist of three persons. The name and address of the persons who is to serve as the director until the first annual meeting of stockholders and until their successors are elected and shall qualify are as follows:

| | |
|---|---|
| Jason S. Ellis | 3939 South Wasatch Blvd., Suite 1<br>Salt Lake City, Utah 84124 |
| Brett Bradshaw | 3939 South Wasatch Blvd., Suite 1<br>Salt Lake City, Utah 84124 |
| Vernon G. Dickman | 3939 South Wasatch Blvd., Suite 1<br>Salt Lake City, Utah 84124 |

**ARTICLE XIV**
**INCORPORATOR**

The name and mailing address of the sole incorporator signing these Articles of Incorporation is as follows:

| | |
|---|---|
| Jason S. Ellis | 3939 South Wasatch Blvd., Suite 1<br>Salt Lake City, Utah 84124 |

The undersigned, being the sole incorporator of the Corporation herein before named, does make and file these Articles of Incorporation, hereby declaring that the facts herein are true.

DATED this 28th day of June, 2005.

Jason S. Ellis

The Corporation Trust Company of Nevada hereby accepts appointment as resident agent for **Mergence Corporation**, as named in the foregoing Articles of Incorporation.

The Corporation Trust Company of Nevada

| | |
|---|---|
| Jason S. Ellis | 3939 South Wasatch Blvd., Suite 1<br>Salt Lake City, Utah 84124 |
| Brett Bradshaw | 3939 South Wasatch Blvd., Suite 1<br>Salt Lake City, Utah 84124 |
| Vernon O. Dickman | 3939 South Wasatch Blvd., Suite 1<br>Salt Lake City, Utah 84124 |

ARTICLE XIV
INCORPORATOR

The name and mailing address of the sole incorporator signing these Articles of Incorporation is as follows:

| | |
|---|---|
| Jason S. Ellis | 3939 South Wasatch Blvd., Suite 1<br>Salt Lake City, Utah 84124 |

The undersigned, being the sole incorporator of the Corporation herein before named, does make and file these Articles of Incorporation, hereby declaring that the facts herein are true.

DATED this 20th day of June, 2005.

Jason S. Ellis

The Corporation Trust Company of Nevada hereby accepts appointment as resident agent for **Mergence Corporation**, as named in the foregoing Articles of Incorporation.

The Corporation Trust Company of Nevada
Hiedi Liesch
Assistant Secretary