# EXHIBIT 8

Plaintiff's Initial Disclosures in Utah State Court Case

Steven G. Loosle (4874)
Platte S. Nielson (13312)
KRUSE LANDA MAYCOCK & RICKS, LLC
136 East South Temple, Suite 2100
P. O. Box 45561
Salt Lake City, Utah 84145-0561
Telephone: (801) 531-7090
sloosle@klmrlaw.com
pnielson@klmrlaw.com
*Attorneys for Plaintiff*

IN THE THIRD JUDICIAL DISTRICT IN AND FOR
SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| MERGENCE CORPORATION, dba SPRING RETAIL GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Q ADVISORS LLC, a Colorado limited liability company,<br><br>Defendant. | **PLAINTIFF'S INITIAL DISCLOSURES**<br><br><br>Civil No. 150901798<br>Judge James Gardner |

Plaintiff Mergence Corporation, dba Spring Retail Group, a Delaware corporation ("Plaintiff" or "Mergence-Delaware"), by and through counsel and pursuant to rule 26(a)(1) of the Utah Rules of Civil Procedure, hereby provides its initial disclosures to Defendant Q Advisors LLC ("Defendant" or "Q Advisors") as follows:

1. The name, address, and telephone number of each individual likely to have discoverable information supporting Plaintiff's claims or defenses, unless solely for impeachment, identifying the subject of the information:

    a. Jason S. Ellis, contact through counsel for Plaintiff. Mr. Ellis is the President and CEO of Mergence-Delaware and is also a director and shareholder of

Mergence-Delaware. Mr. Ellis has knowledge about Mergence-Delaware's business dealings and interactions with Q Advisors, including with respect to the January 18, 2013 contract at issue in this case. He also has knowledge about the October 2013 transaction wherein Mergence-Delaware sold its wholly owned subsidiary Spring Communications Holdings, Inc. ("Spring") to GameStop Corp. ("GameStop").

      b.      Kent B. Forsgren, contact through counsel for Plaintiff. Mr. Forsgren was the CFO of Mergence-Delaware until October 2013. He has knowledge about Mergence-Delaware's business dealings and interactions with Q Advisors, including with respect to the January 18, 2013 contract at issue in this case. Mr. Forsgren also has knowledge about the October 2013 transaction involving Mergence-Delaware, Spring, and GameStop, where Mergence-Delaware sold Spring to GameStop.

      c.      Brett M. Bradshaw, contact through counsel for Plaintiff. Mr. Bradshaw is a director and shareholder of Mergence-Delaware. Mr. Bradshaw has knowledge about Mergence-Delaware's business dealings with Q Advisors, including with respect to the January 18, 2013 contract at issue in this case. He also has knowledge about the October 2013 transaction wherein Mergence-Delaware sold its subsidiary Spring to GameStop.

      d.      Vernon G. Dickman, contact through counsel for Plaintiff. Mr. Dickman is a director and shareholder of Mergence-Delaware. Mr. Dickman has knowledge about Mergence-Delaware's business dealings with Q Advisors, including with respect to the January 18, 2013 contract at issue in this case. He also has knowledge

about the October 2013 transaction wherein Mergence-Delaware sold its subsidiary Spring to GameStop.

  e. Michael Crawford, contact information known to Defendant. Mr. Crawford is a representative of Q Advisors and has knowledge about Q Advisors' business dealings and interactions with Mergence-Delaware, including but not limited to its interactions and business dealings related to the January 18, 2013 contract at issue in this case.

  f. J. Paul Raines, 625 Westport Parkway, Grapevine, Texas 76051, (817) 424-2000. Mr. Raines is the CEO of GameStop. He has knowledge about the October 2013 transaction involving Mergence-Delaware, Spring, and GameStop, where Mergence-Delaware sold Spring to GameStop.

  g. Representatives of GameStop, 625 Westport Parkway, Grapevine, Texas 76051, (817) 424-2000. Representatives of GameStop may have knowledge about the October 2013 transaction involving Mergence-Delaware, Spring, and GameStop, where Mergence-Delaware sold Spring to GameStop.

  h. Gregory Lindley, Holland & Hart LLP, 222 South Main Street, Suite 2200, Salt Lake City, Utah 84101, (801)799-5700. Mr. Lindley provided legal representation to Mergence-Delaware and or its subsidiaries, and has knowledge of the transaction with Fifth Third Bank and the transactions with Gamestop.

  i. Carl Barton, Holland & Hart LLP, 222 South Main Street, Suite 2200, Salt Lake City, Utah 84101, (801)799-5700. Mr. Barton provided legal representation to

Mergence-Delaware and or its subsidiaries, and has knowledge of the transaction with Fifth Third Bank and the transactions with GameStop.

j.   Linda Zimmerman, Markus Williams Young & Zimmerman LLC, 2750 Rasmussen Rd., Suite H-104 Park City, Utah 84098. Ms. Zimmerman represented Fifth Third Bank with respect to a financing transaction with Spring and has knowledge of the transaction.

k.   Steve Bain, 3939 Wasatch Boulevard, Suite 1, Salt Lake City, Utah 84124,. Mr. Bain was a shareholder of Simply Mac, Inc. at the time of the GameStop acquisition and has knowledge of the transaction.

l.   Tyler Dickman, 3939 Wasatch Boulevard, Suite 1, Salt Lake City, Utah 84124,. Mr. Dickman was a shareholder of Simply Mac, Inc. at the time of the GameStop acquisition and has knowledge of the transaction.

m.   Kent Thomas, 3939 Wasatch Boulevard, Suite 1, Salt Lake City, Utah 84124,. Mr. Thomas was a shareholder of Simply Mac, Inc. at the time of the GameStop acquisition and has knowledge of the transaction.

n.   Jay Dorman, Bryan Cave LLP, 1290 Avenue of the Americas, New York, NY 10104. Mr. Dorman represented GameStop with respect to its acquisition of Spring and has knowledge of this transaction.

o.   Steven G. Loosle and Platte S. Nielson, 136 East South Temple, Suite 2100, Salt Lake City, Utah 84111, (801) 531-7090. Mr. Loosle and Mr. Nielson are attorneys for Plaintiff and have knowledge about the attorney fees and costs incurred by Plaintiff in connection with this action.

2. The name, address, and telephone number of each fact witness Plaintiff may call in its case-in-chief and, except for an adverse party, and a summary of the expected testimony:

a. Jason S. Ellis, contact through counsel for Plaintiff. Mr. Ellis is expected to testify about his interactions and dealings with Q Advisors in connection with the January 18, 2013 contract as well his involvement in Mergence-Delaware's sale of Spring to GameStop in October 2013. Mr. Ellis is expected to testify as follows: that he was involved in the negotiations of the January 18, 2013 contract with Q Advisors; that Mergence-Delaware and Q Advisors did not reach an agreement on material and essential terms related to paragraph 15 of the contract; that Mergence-Delaware paid the fees and expenses it owed to Q Advisors for the investment advisory services Q Advisors provided to Mergence-Delaware pursuant to the January 18, 2013 contract; that Mergence-Delaware has not been sold or recapitalized since entering into the contract; that Mergence-Delaware sold one of its subsidiaries, Spring, to GameStop in October 2013; that neither Mergence-Delaware nor Spring retained the services of any investment advisors in connection with Mergence-Delaware's sale of Spring to GameStop and that neither had a need for any such services; that Q Advisors provided no services to Mergence-Delaware or Spring in connection with Mergence-Delaware's sale of Spring to GameStop; and that Mergence-Delaware does not owe any more fees to Q Advisors for services it has provided to Mergence-Delaware under the January 18, 2013 contract or any other contract between the parties.

b. Kent B. Forsgren, contact through counsel for Plaintiff. Mr. Forsgren is expected to testify about his involvement in the January 18, 2013 contract between

Mergence-Delaware and Q Advisors and Mergence-Delaware's subsequent sale of Spring to GameStop. Mr. Forsgren is expected to testify that he helped negotiate the January 18, 2013 contract with Q Advisors; that Mergence-Delaware and Q Advisors never agreed to material and essential terms regarding paragraph 15 of the contract; that Mergence-Delaware paid all fees and expenses it owed to Q Advisors for the services Q Advisors provided to Mergence-Delaware under the January 18, 2013 contract; that Mergence-Delaware has not been sold or recapitalized since January 18, 2013; that Mergence-Delaware sold one of its subsidiaries, Spring, to GameStop in October 2013; that neither Mergence-Delaware nor Spring retained the services of any investment advisors in connection with Mergence-Delaware's sale of Spring to GameStop and that neither needed any such services; that Q Advisors provided no services to Mergence-Delaware or Spring in connection with Mergence-Delaware's sale of Spring to GameStop; and that Mergence-Delaware does not owe any more fees to Q Advisors for services it has provided to Mergence-Delaware under the January 18, 2013 contract or any other contract between the parties.

   c. Brett M. Bradshaw, contact through counsel for Plaintiff. Mr. Bradshaw is expected to testify about Mergence-Delaware's business dealings with Q Advisors, including with respect to the January 18, 2013 contract at issue in this case. Mr. Bradshaw is also expected to testify about Mergence-Delaware's sale of Spring to GameStop in October 2013, including his role and involvement in the transaction.

   d. Vernon G. Dickman, contact through counsel for Plaintiff. Mr. Dickman is expected to testify about Mergence-Delaware's business dealings with

Q Advisors, including with respect to the January 18, 2013 contract at issue in this case. Mr. Dickman is also expected to testify about Mergence-Delaware's sale of Spring to GameStop in October 2013, including his role and involvement in the transaction.

  e. Michael Crawford, contact information known to Defendant.

3. A copy of all documents, data compilations, electronically stored information, and tangible things in the possession or control of Plaintiff that Plaintiff may offer in its case-in-chief, except charts, summaries and demonstrative exhibits that have not yet been prepared and must be disclosed in accordance with rule 26(a)(5):  See documents produced herewith as Mergence Ut 1-158. Mergence-Delaware will produce the underlying transactional documents after agreement to a confidentiality and protective order.

4. A computation of damages claimed and a copy of all discoverable documents or evidentiary material on which such computation is based, including materials about the nature and extent of injuries suffered:

  a. The damages sought by Plaintiff in this case are the attorney fees and costs incurred by Plaintiff in connection with this action. The total amount of such damages cannot be calculated or accurately estimated at this time.

5. A copy of any agreement under which any person may be liable to satisfy part or all of a judgment or to indemnify or reimburse for payments made to satisfy the judgment:

  a. Not applicable.

6. A copy of all documents to which Plaintiff refers in its pleadings:

  a. *See* March 15, 2012 and January 18, 2013 engagement letters produced herewith.

7.  The foregoing disclosures are made based on information reasonably available to Plaintiff at this date. Plaintiff's investigation in this matter is ongoing and Plaintiff reserves the right to supplement this disclosure. Other disclosures required by rule 26 of the Utah Rules of Civil Procedure that are missing from the foregoing disclosures will be provided to Defendant when they become known and available to Plaintiff. Furthermore, witnesses, including expert witnesses, expert witness reports, and documents or other exhibits that Plaintiff subsequently determines, after further investigation and discovery, may be used at trial will be timely disclosed pursuant to rule 26(a)(5) and any pretrial order that the court may issue herein.

DATED this 20th day of May, 2015.

KRUSE LANDA MAYCOCK & RICKS, LLC

/s/ Steven G. Loosle
Steven G. Loosle
Platte S. Nielson
*Attorneys for Plaintiff*