IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01093-KMT

Q ADVISORS LLC,

    Plaintiff,

vs.

MERGENCE CORPORATION,

    Defendant.

## DECLARATION OF JASON S. ELLIS

Jason S. Ellis hereby declares under penalty of perjury as follows:

1. I am over 18 years of age and I have personal knowledge of the facts set forth below. I was an officer and director of Mergence Corporation, dba Spring Retail Group, a Delaware corporation ("Mergence") at all times relevant to this declaration.

2. Mergence is a holding company for technology businesses.

3. On March 15, 2012, Mergence entered into an agreement with Q Advisors whereby Q Advisors would provide investment banking services in connection with the sale of a subsidiary known as Simply Mac, Inc, a Utah corporation ("Engagement Letter No. 1"). A copy of Engagement Letter No. 1 is attached as Exhibit A. At the time on Engagement Letter No. 1, the principal place of business of Mergence and Simply Mac was in Salt Lake City, Utah.

4. Pursuant to Engagement Letter No. 1, Q Advisors assisted Mergence in the sale of Simply Mac, and Q Advisors received fees of $690,000 plus expenses for its services.

Q Advisors has never claimed that it is owed additional fees in connection with the sale of Simply Mac.

5. The sale of Simply Mac took place in two transactions, the first in October, 2012, and the second in November, 2013. Excerpts from the first Stock Purchase Agreement are attached as Exhibit B. The Stock Purchase Agreement shows that in addition to Mergence, the other selling shareholders were four individuals who were Utah residents, including Steve Bain, Tyler Dickman, Kent Thomas, and Kent Forsgren. (See Excerpts from October 2012 Stock Purchase Agreement, attached as Exhibit B).

6. On January 18, 2013, Mergence entered into a second agreement with Q Advisors whereby Q Advisors would provide investment banking services ("Engagement Letter No. 2"). A copy of Engagement Letter No. 2 is attached as Exhibit C. Pursuant to Engagement Letter No. 2, Q Advisors agreed to provide services in raising capital "in connection with a private placement to qualified institutional buyers." (*Id.*, p. 1.)

7. At the time of Engagement Letter No. 2, Mergence was the 100% owner of a subsidiary known as Spring Communications Holding, Inc., a Delaware corporation ("Spring Communications"). Spring Communications in turn was the 100% owner of various corporate entities, including Spring Communications, Inc., a Utah corporation ("Spring"). At all relevant times, I was also an officer and director of Spring Communications and Spring.

8. At all times relevant to Engagement Letter No. 2, the principal place of business of Mergence, Spring Communications, and Spring was Salt Lake City, Utah.

9.  In 2013, Spring operated 60 stores as an exclusive retailer of AT&T wireless devices and services. The stores were located in many different states, and a few of those stores were located in Colorado.

10. Pursuant to Engagement Letter No. 2, Q Advisors assisted Spring Communications and its subsidiaries, including Spring, in obtaining financing from Fifth Third Bank. Attached as Exhibit D are excerpts from the loan and security agreement for this financing transaction.

11. Mergence was not a party to the loan and security agreement with Fifth Third Bank and did not receive any of the proceeds from the financing. (See Loan and Security Agreement, attached as Exhibit D). This financing transaction closed in July, 2013.

12. Spring Communications and related entities paid $670,000 in fees plus expenses to Q Advisors for its investment banking services in raising the debt capital pursuant to Engagement Letter No. 2. Q Advisors has never claimed that it is owed additional fees related to this transaction.

13. In October 2013, Mergence sold 100% of its shares in Spring Communications to GameStop Corp. Attached as Exhibit E are excerpts from the stock purchase agreement.

14. I have reviewed the amended complaint filed in this action by Q Advisors. In the amended complaint, Q Advisors seeks fees related to Mergence's sale of Spring Communications to GameStop in October 2013. Q Advisors bases its claim upon paragraph 15 of Engagement Letter No. 2. GameStop is a company with its principal place of business in Texas.

15. Q Advisors had no involvement in the transaction between Mergence and GameStop for the sale of Spring Communications. Neither Mergence nor Spring Communications had any need for Q Advisors' services or involvement. Q Advisors has none of the files or documents related to this transaction, all of which are stored in the records of Mergence in Salt Lake City, Utah or the offices of GameStop in Texas. None of the events related to this transaction occurred in Colorado. None of the individuals who were involved in this transaction reside in Colorado, but reside in Utah and Texas.

16. Mergence did not retain the services of any investment banker in connection with the sale of Spring Communications to GameStop. Mergence did not retain an investment banker because it did not need any such services for this transaction.

17. As noted above, Spring had operations in Colorado at the time of the sale of Spring Communications to GameStop. However, Mergence has never had any employees, officers, agents, offices, bank accounts or phone listings in Colorado. Mergence has never advertised or registered to do business in Colorado nor has it sold any products or services in Colorado. Mergence has never owned or leased any real property in Colorado.

I verify under penalty of perjury that the foregoing is true and correct.

DATED this 27th day of May, 2015.

_____
JASON S. ELLIS

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2015, I electronically filed the foregoing DECLARATION OF JASON S. ELLIS electronically through the CM/ECF system which caused the following to be served by electronic means:

> John S. Phillips
> Sean C. Grimsley
> BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
> 1899 Wynkoop Street, 8th Floor
> Denver, CO 80202

*/s/ Renae Mesch*