EXHIBIT B

STOCK PURCHASE AGREEMENT

among

SIMPLY MAC, INC.

and

THE SHAREHOLDERS SET FORTH HEREIN

AS SELLERS

and

GAMESTOP CORP.

dated as of

October 31, 2012

## TABLE OF CONTENTS

**ARTICLE I** DEFINITIONS ........................................................................................................... 1

**ARTICLE II** PURCHASE AND SALE ........................................................................................ 6
Section 2.01 Purchase and Sale. ...................................................................................................... 6
Section 2.02 Purchase Price. ............................................................................................................ 6
Section 2.03 Transactions to be Effected at the Closing. ................................................................ 6
Section 2.04 Closing. ....................................................................................................................... 7

**ARTICLE III** REPRESENTATIONS AND WARRANTIES OF SELLERS ............................... 7
Section 3.01 Authority of Sellers. .................................................................................................... 7
Section 3.02 Organization, Authority and Qualification of the Company. ..................................... 7
Section 3.03 Capitalization. ............................................................................................................. 8
Section 3.04 No Subsidiaries. .......................................................................................................... 8
Section 3.05 No Conflicts; Consents. .............................................................................................. 9
Section 3.06 Financial Statements. .................................................................................................. 9
Section 3.07 Absence of Certain Changes, Events and Conditions. ............................................... 9
Section 3.08 Material Contracts. ................................................................................................... 11
Section 3.09 Title to Assets; Real Property. .................................................................................. 12
Section 3.10 Intellectual Property .................................................................................................. 13
Section 3.11 Insurance. .................................................................................................................. 14
Section 3.12 Legal Proceedings; Governmental Orders. .............................................................. 14
Section 3.13 Compliance With Laws; Permits. ............................................................................. 14
Section 3.14 Employee Benefit Matters. ....................................................................................... 15
Section 3.15 Employment Matters ................................................................................................ 16
Section 3.16 Taxes. ........................................................................................................................ 16
Section 3.17 Environmental Matters. ............................................................................................ 18
Section 3.18 Affiliate Transactions. .............................................................................................. 18
Section 3.19 Working Capital Ratio; No Indebtedness. ............................................................... 18
Section 3.20 Brokers. ..................................................................................................................... 19

Section 3.21 No Other Representations and Warranties. ..................................................... 19

**ARTICLE IV** REPRESENTATIONS AND WARRANTIES OF BUYER ................................. 19

Section 4.01 Organization and Authority of Buyer. ........................................................... 19

Section 4.02 No Conflicts; Consents. ................................................................................. 19

Section 4.03 Investment Purpose. ....................................................................................... 20

Section 4.04 Brokers. .......................................................................................................... 20

Section 4.05 Sufficiency of Funds. ..................................................................................... 20

Section 4.06 Legal Proceedings. ......................................................................................... 20

Section 4.07 Independent Investigation. ............................................................................. 20

Section 4.08 No Other Representations and Warranties. ................................................... 21

**ARTICLE V** COVENANTS .................................................................................................... 21

Section 5.01 Public Announcements. ................................................................................. 21

Section 5.02 Further Assurances. ........................................................................................ 21

Section 5.04 Books and Records. ....................................................................................... 21

Section 5.04 Loss Shares. ................................................................................................... 22

Section 5.05 Tax Sharing Agreements. .............................................................................. 22

Section 5.06 Straddle Period. .............................................................................................. 22

Section 5.07 Tax Periods Ending on or before Closing Date ............................................. 22

Section 5.08 Cooperation on Tax Matters .......................................................................... 22

Section 5.09 Transfer Taxes. ............................................................................................... 23

**ARTICLE VI** INDEMNIFICATION ...................................................................................... 23

Section 6.01 Survival. ......................................................................................................... 23

Section 6.02 Indemnification by Sellers ............................................................................. 23

Section 6.03 Recovery from Escrow Fund. ........................................................................ 24

Section 6.04 Exclusive Remedy; Limitations on Recovery. .............................................. 24

Section 6.05 Distribution of Escrow Fund. ........................................................................ 25

Section 6.06 Indemnification Procedures. .......................................................................... 26

Section 6.07 Tax Treatment of Indemnification Payments. ............................................... 27

**ARTICLE VII** MISCELLANEOUS ....................................................................................... 27

Section 7.01 Expenses. ...........................................................................................................27

Section 7.02 Notices. ..............................................................................................................28

Section 7.03 Interpretation. .....................................................................................................29

Section 7.04 Headings. ...........................................................................................................29

Section 7.05 Severability. .......................................................................................................30

Section 7.06 Entire Agreement. ..............................................................................................30

Section 7.07 Successors and Assigns......................................................................................30

Section 7.08 No Third-Party Beneficiaries.............................................................................30

Section 7.09 Amendment and Modification; Waiver. ............................................................30

Section 7.10 Governing Law; Waiver of Jury Trial. ..............................................................30

Section 7.11 Counterparts; Facsimile. ....................................................................................31

Section 7.12 Legal Representation. ........................................................................................31

1697609.3

## STOCK PURCHASE AGREEMENT

This Stock Purchase Agreement (this "**Agreement**"), dated as of October 31, 2012, is entered into among Simply Mac, Inc., a Utah corporation (the "**Company**"), Mergence Corporation, a Delaware corporation ("**Mergence**"), Steve Bain, an individual residing in the State of Utah ("**Bain**"), Tyler Dickman, an individual residing in the State of Utah ("**Dickman**"), Kent Forsgren, an individual residing in the State of Utah ("**Forsgren**"), and Kent Thomas, an individual residing in the State of Utah ("**Thomas**") (Mergence, Bain, Dickman, Forsgren, and Thomas may be referred to collectively as the "**Sellers**"), and GameStop Corp., a Delaware corporation (the "**Buyer**").

### RECITALS

WHEREAS, Sellers own all of the issued and outstanding shares of common stock, no par value per share (the "**Shares**"), of the Company; and

WHEREAS, Sellers wish to sell to Buyer, and Buyer wishes to purchase from Sellers, 49.9% of the Shares as set forth on **Section 3.03(c)** of the Disclosure Schedules (the "**Purchased Shares**"), subject to the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the mutual covenants and agreements hereinafter set forth and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

### ARTICLE I
#### DEFINITIONS

The following terms have the meanings specified or referred to in this **Article I**:

"**Affiliate**" of a Person means any other Person that directly or indirectly, through one or more intermediaries, controls, is controlled by, or is under common control with, such first Person. The term "control" (including the terms "controlled by" and "under common control with") means the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of a Person, whether through the ownership of voting securities, by contract or otherwise.

"**Agreement**" has the meaning set forth in the preamble.

"**Ancillary Agreements**" mean, collectively, the Shareholders Agreement, the Escrow Agreement, the Employment Agreement, the Services Agreement, the Working Capital Note, the Security Agreement and all other agreements, certificates, instruments, documents and writings delivered in connection with this Agreement.

"**Audited Financial Statements**" has the meaning set forth in **Section 3.06**.

"**Balance Sheet**" has the meaning set forth in **Section 3.06**.

"**Balance Sheet Date**" has the meaning set forth in **Section 3.06**.

transactions contemplated hereby shall be paid by the party incurring such costs and expenses; *provided, however,* that Mergence shall pay all amounts payable to Q Advisors, LLC.

**Section 7.02 Notices.** All notices, requests, consents, claims, demands, waivers and other communications hereunder shall be in writing and shall be deemed to have been given: (a) when delivered by hand; (b) on the first Business Day after mailed if sent for overnight delivery by a nationally recognized overnight courier (receipt requested); (c) on the date sent by facsimile or e-mail of a PDF document (with confirmation of transmission) if sent during normal business hours of the recipient, and on the next Business Day if sent after normal business hours of the recipient; or (d) on the third Business Day after the date mailed, by certified or registered mail, return receipt requested, postage prepaid. Such communications must be sent to the respective parties at the following addresses (or at such other address for a party as shall be specified in a notice given in accordance with this **Section 7.02**):

If to the Company:    Simply Mac, Inc.
3939 Wasatch Boulevard, Suite 1
Salt Lake City, Utah 84124
Facsimile: (801) 278-7322
E-mail: steve.bain@simplymac.com

If to Sellers:    Mergence Corporation
3939 Wasatch Boulevard, Suite 1
Salt Lake City, Utah 84124
Facsimile: (801) 278-7322
E-mail: jellis@springmobile.com

Steve Bain
3939 Wasatch Boulevard, Suite 1
Salt Lake City, Utah 84124
Facsimile: (801) 278-7322
E-mail: steve.bain@simplymac.com

Tyler Dickman
3939 Wasatch Boulevard, Suite 1
Salt Lake City, Utah 84124
Facsimile: (801) 278-7322
E-mail: tyler.dickman@simplymac.com

Kent Forsgren
3939 Wasatch Boulevard, Suite 1
Salt Lake City, Utah 84124
Facsimile: (801) 278-7322
E-mail: kforsgren@springmobile.com

|  |  |
|---|---|
|  | Kent Thomas<br>3939 Wasatch Boulevard, Suite 1<br>Salt Lake City, Utah 84124<br>Facsimile:    (801) 278-7322<br>E-mail: kent@advancedcfo.com |
| with a copy (which shall not constitute notice) to: | Holland & Hart LLP<br>222 South Main Street, Suite 2200<br>Salt Lake City, UT 84101<br>Facsimile:    801-799-5700<br>E-mail: glindley@hollandhart.com<br>Attention:    Gregory E. Lindley |
| If to Buyer: | GameStop Corp.<br>625 Westport Parkway<br>Grapevine, TX 76051<br>Facsimile: 817-424-2820<br>E-mail: RobLloyd@gamestop.com<br>Attention: Rob Lloyd<br>            Chief Financial Officer |
| with a copy (which shall not constitute notice) to: | Bryan Cave LLP<br>1290 Avenue of the Americas<br>New York, NY 10104<br>Facsimile:  (212) 541-1418<br>E-mail: jmdorman@bryancave.com<br>Attention: Jay M. Dorman |

**Section 7.03  Interpretation.** For purposes of this Agreement: (a) the words "include," "includes" and "including" shall be deemed to be followed by the words "without limitation"; (b) the word "or" is not exclusive; and (c) the words "herein," "hereof," "hereby," "hereto" and "hereunder" refer to this Agreement as a whole. Unless the context otherwise requires, references herein: (x) to Articles, Sections, Disclosure Schedules and Exhibits mean the Articles and Sections of, and Disclosure Schedules and Exhibits attached to, this Agreement; (y) to an agreement, instrument or other document means such agreement, instrument or other document as amended, supplemented and modified from time to time to the extent permitted by the provisions thereof; and (z) to a statute means such statute as amended from time to time and includes any successor legislation thereto and any regulations promulgated thereunder. The definitions contained in this Agreement are applicable to the singular as well as the plural forms of such terms. References to a Person are also to its permitted successors and assigns. This Agreement shall be construed without regard to any presumption or rule requiring construction or interpretation against the party drafting an instrument or causing any instrument to be drafted. The Disclosure Schedules and Exhibits referred to herein shall be construed with, and as an integral part of, this Agreement to the same extent as if they were set forth verbatim herein.

**Section 7.04  Headings.** The headings in this Agreement are for reference only and shall not affect the interpretation of this Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the date first written above individually or by their respective officers thereunto duly authorized.

SIMPLY MAC, INC.

By: _____
Name: Steven B. Bain
Title: President

MERGENCE CORPORATION

By: _____
Name: Jason S. Ellis
Title: Director

STEVE BAIN

_____

TYLER DICKMAN

_____

KENT FORSGREN

_____

KENT THOMAS

_____

[Signature Page to Stock Purchase Agreement]

GAMESTOP CORP.

By: *[signature]*
Name: J. Paul Raines
Title: CEO

[Signature Page to Stock Purchase Agreement]