# Exhibit A

| DISTRICT COURT, DENVER COUNTY, COLORADO | |
|---|---|
| Court Address: | |
| 1437 Bannock Street, Rm 256, Denver, CO, 80202 | DATE FILED: May 5, 2015 10:48 AM |
| **Plaintiff(s)** Q ADVISORS LLC | CASE NUMBER: 2015CV30955 |
| v. | |
| **Defendant(s)** MERGENCE CORPORATION et al. | |
| | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2015CV30955 |
| | Division: 280          Courtroom: |
| **Order Granting Plaintiff's Motion for Leave to Amend** | |

The motion/proposed order attached hereto: GRANTED.


    The Motion to Amend is GRANTED because it merely corrects an error in the original Complaint concerning which Mergence Corporation is the appropriate defendant.  There is no prejudice to Defendants because they were aware of Plaintiff's mistake, as evidenced by the fact that they immediately filed a declaratory judgment action on the identical dispute, with the correct Mergence Corporation as Plaintiff.

    Defendants argue that the amendment is futile because they will prevail on the merits of the case.  However, it is premature for the Court to resolve the merits.


Issue Date: 5/5/2015

*Catherine A. Lemon*

CATHERINE A LEMON
District Court Judge

| | |
|---|---|
| District Court, City and County of Denver, Colorado<br>Court Address:<br>1437 Bannock St., Room 256<br>Denver, CO  80202<br><br>_____<br>Plaintiff: Q ADVISORS LLC<br><br>and<br><br>Defendants: MERGENCE CORPORATION and JASON S. ELLIS | ▲     **COURT USE ONLY**     ▲ |
| Attorney  (Name and Address):<br><br>John S. Phillips (Atty. Reg. #24884)<br>Sean C. Grimsley (Atty. Reg. #36422)<br>Bartlit Beck Herman Palenchar & Scott LLC<br>1899 Wynkoop Street, 8th Floor<br>Denver, Colorado 80202<br><br>Phone Number: 303-592-3100<br>FAX Number: 303-592-3140<br><br>E-mail: john.phillips@bartlit-beck.com<br>        sean.grimsley@bartlit-beck.com | Case Number:  15CV30955<br><br>Courtroom: 280 |

| |
|---|
| **PLAINTIFF'S MOTION FOR LEAVE TO AMEND** |

Pursuant to Colorado Rule of Civil Procedure 15(a), plaintiff Q Advisors LLC hereby moves for leave to amend its Complaint (the "Motion").

By this Motion, plaintiff seeks to change the domicile of the "Mergence Corporation" referred to in the Complaint from Nevada to Delaware and to drop Mr. Ellis as a defendant.  A copy of plaintiff's proposed Amended Complaint is attached as Exhibit A; a redlined copy of the proposed Amended Complaint showing all proposed changes is attached as Exhibit B.

Rule 15(a) provides that once a responsive pleading has been filed, a party may amend a pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  (Rule 15(a).)  As required by C.R.C.P. §121 1-15(8), plaintiff's counsel conferred in good faith with defendants' counsel, who did not consent to this Motion.

Colorado courts have confirmed that, as Rule 15(a) expressly provides, motions to amend should be freely granted when justice so requires.  *See, e.g., Varner v. Dist. Ct.*, 618 P.2d 1388

(Colo. 1980); *Eagle River Mobile Home Park v. Dist. Ct.*, 647 P.2d 660 (Colo. 1982) (amendments should be granted in accordance with the overriding purposes of the rules of civil procedure – "to secure the just, speedy, and inexpensive determination of every action," as Colo. R. Civ. P. 1(a) provides.).  "The rule prescribes a liberal policy of amendment and encourages the courts to look favorably on requests to amend."  *Varner*, 618 P.2d at 1390.  The decision to grant or deny a motion to amend a complaint is committed to the sound discretion of the court and will not be reversed on review without a showing of abuse of discretion.  *Polk v. Denver Dist. Ct.*, 849 P.2d 23 (Colo. 1993).

Granting a motion to amend here would serve the interests of justice and would not cause defendants any prejudice.

First, the proposed Amended Complaint would drop Mr. Ellis as a defendant, so Mr. Ellis is not prejudiced by granting the motion to amend.

Second, the proposed Amended Complaint would merely change the domicile of the "Mergence Corporation" defendant from Nevada to Delaware since Defendant admits "Mergence-Delaware" entered into the Contract with plaintiff.  (Motion to Dismiss at ¶ 12) ("Mergence-Nevada" is not a party to the Contract, but "Mergence-Delaware" is.)

Third, along with Defendant's Motion to Dismiss, "Mergence-Delaware" filed a declaratory judgment action in Utah related to the same contract and allegations in plaintiff's March 17, 2015 Complaint.  Thus, the case between plaintiff and "Mergence-Delaware" will go forward regardless of Defendant's motion to dismiss.  Plaintiff's March 17, 2015 Complaint in this Court is the "first filed."  Permitting defendant to obtain a dismissal for the sole purpose of moving the parties' dispute to Utah is not fair and would not advance the ends of justice.  Plaintiff is a Denver company that has suffered damage by reason of Mergence's breach of contract.  As alleged in plaintiff's Complaint, Mergence has failed and refused to pay plaintiff what it owes under the express terms of Section 15 of the contract that both sides acknowledge signing.  Because plaintiff filed first, this Court should permit plaintiff to proceed here in Denver by making the change in Mergence Corporation's domicile.

## CONCLUSION

For the reasons stated above, plaintiff Q Advisors respectfully requests that this Court grant this Motion for Leave to Amend.

Dated: April 8, 2015.                              Respectfully submitted,

                                    John S. Phillips #24884

                                    Attorneys for Plaintiff Q Advisors LLC

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 8, 2015, I served a true and correct copy of the foregoing through

ICCES on:

Thomas P. McMahon
Aaron D. Goldhamer
Jones & Keller, P.C.
1999 Broadway, Suite 3150
Denver, Colorado  80202
tmcmahon@joneskeller.com
agoldhamer@joneskeller.com

and via email on:

Steven G. Loosle
Platte S. Nielson
Kruse Landa Maycock & Ricks, LLC
136 East South Temple, Suite 2100
P.O. Box 45561
Salt Lake City, Utah 84145-0561
sloosle@klmrlaw.com
pnielson@klmrlaw.com

John S. Phillips

3