## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01093

Q ADVISORS LLC,

        Plaintiff,

vs.

MERGENCE CORPORATION,

        Defendant.

---

### PLAINTIFF'S OPPOSITION TO
### DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO STAY

---

Plaintiff Q Advisors LLC ("plaintiff" or "Q Advisors") opposes defendant's Motion to Dismiss or in the Alternative to Stay (the "Motion").

The only reason there are parallel proceedings is because defendant filed a declaratory judgment case in Utah after plaintiff first filed this case in Colorado state court. Defendant's tactic of filing a declaratory judgment action in response to plaintiff's first-filed case, then rushing to advance that second-filed action in order to argue for abstention, should be rejected.

### RELEVANT FACTS

1.     Two different "Mergence Corporations" are controlled by the same Salt Lake City-based group: one "Mergence Corporation" is domiciled in Nevada, and the other is domiciled in Delaware. (Mem. in Supp. of Mot. ("Mem.") at "Factual Background" ¶¶ 1, 21.) At the time plaintiff originally filed this case in Colorado, neither "Mergence Corporation" was in good standing; both owed substantial back taxes, fees, or penalties and had failed to make required corporate filings. The Nevada Secretary of

State permanently revoked the corporate charter of the Nevada "Mergence Corporation;" the charter of the Delaware "Mergence Corporation" was "void" for multiple reasons.[1]

2.      On March 17, 2015, plaintiff filed the case now before this Court, suing the "Mergence Corporation" domiciled in Nevada. (Dkt. 4, 3/17/15 Compl.) Plaintiff provided the Complaint to Mergence's counsel (with whom plaintiff's counsel previously had discussions in the hope this matter could be resolved short of litigation). (Ex. C, 3/17/15 Phillips E-mail.) Plaintiff's counsel asked defendant's counsel to provide written confirmation of receipt and acceptance of plaintiff's Complaint, which defendant's counsel committed to do but never did. (Ex. D, 4/30/15 Phillips Decl. (with exhibits) filed in Utah state court.)

3.      At 6:37 p.m. on March 18, 2015 – one day after plaintiff filed in Colorado state court – the "Mergence Corporation" domiciled in Delaware cured its delinquency by filing a Certificate of Renewal in Delaware. (Ex. B, 3/18/15 "State of Delaware Certificate For Renewal and Revival of Charter") (time and date stamp in upper right corner). Without telling plaintiff or its counsel, the same Mergence Corporation filed a declaratory judgment action in Utah the same day (Mem. at 6) and without warning on March 30, 2015 filed a motion to dismiss the earlier-filed Colorado case on the grounds that plaintiff had sued "the wrong Mergence Corporation." (Mem. at 7.)

---

[1] *See* Ex. A (2/5/15 Nevada Secretary of State "Certificate of Existence With Status Of Permanent Revocation"); Ex. B (3/18/15 "State of Delaware Certificate For Renewal and Revival of Charter") (swearing that prior to the filing, the company's "charter became inoperative and void for non-payment of taxes and/or failure to file a complete annual report").

2

4.      Judge Catherine A. Lemon in the District Court of the City and County of Denver rejected defendant's tactics.  On May 5, 2015, the Court held that plaintiff was permitted to amend its March 17, 2015 Complaint to change the domicile of the defendant "Mergence Corporation" because "it merely corrects an error in the original Complaint concerning which Mergence Corporation is the appropriate defendant" and "[t]here is *no prejudice* to Defendants because they were aware of Plaintiff's mistake, as evidenced by the fact that they immediately filed a declaratory judgment action *on the identical dispute, with the correct Mergence Corporation as Plaintiff*."  (Ex. E, 5/5/15 Order Granting Pl.'s Mot. for Leave to Amend) (emphasis added).

5.      On May 5, 2015 – the same day Judge Lemon issued her Order – plaintiff filed the Amended Complaint that is now before this Court as a result of defendant's May 26, 2015 Notice of Removal.

6.      On April 30, 2015, plaintiff filed a Motion to Stay the Utah proceeding.  That motion is fully-briefed and pending before the Utah Court. (Mem. at 8.)  On May 20, 2015, Mergence filed a Motion for Summary Judgment in Utah and sent Q Advisors written discovery requests the following day.  (*Id*. at 8, 15).

7.      The Utah Court has deferred summary judgment briefing and discovery pending a decision on plaintiff's pending April 30, 2015 Utah motion to stay. (Ex. F, 6/3/15 Order.)

## APPLICABLE LEGAL STANDARDS

The Motion starts from the false premise that the Utah action was filed first, ignoring Rule 15(c) concerning "relation back" of amendments.  Plaintiff filed suit first in Colorado; plaintiff's subsequent amendment substituting one "Mergence Corporation"

3

for the other related back to the filing date of plaintiff's original complaint. (C.R.C.P. 15(c), providing that an amendment "changing the party against whom a claim is asserted" relates back if it "arose out of the conduct, transaction, or occurrence" set forth in the original pleading and the party has received "such notice of the institution of the action that he will not be prejudiced" and "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him").

Defendant also ignores the legal standards that the United States Supreme Court, the Tenth Circuit Court of Appeals, and this Court have applied to *Colorado River* abstention requests for the last forty years.

First, as *Colorado River* makes clear, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction. . . ." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (citations omitted).

Second, quoting *Colorado River* and other United States Supreme Court cases, the Tenth Circuit has repeatedly reaffirmed "the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'" *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 (10th Cir. 2013) (quoting *Colorado River*, 424 U.S. at 817, other citations omitted).

Third, the Tenth Circuit has emphasized that "[h]ence, 'our task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist *exceptional circumstances, the clearest of justifications*, that can suffice under *Colorado River* to

4

justify the surrender of the jurisdiction.'" *Rienhardt v. Kelly*, 164 F.3d 1296, 1303 (10th Cir. 1999) (emphasis in original) (*quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983)).

Fourth, this Court has recently noted that the seven-factor test is "not a 'mechanical checklist'; rather, the Court should "careful[ly] balance[e] . . . the most important factors as they apply in a given case, *with the balance heavily weighted in favor of the exercise of jurisdiction*." *MacIntyre v. JP Morgan Chase Bank*, No. 12-CV-2586-WJM-MEH, 2015 WL 1311241, *3 (D. Colo. Mar. 19, 2015) (Judge Martinez) (emphasis in original) (*quoting Fox v. Maulding*, 16 F.3d 1079, 1082 (10th Cir. 1994).

Finally, this Court has found that "forum-shopping" and "litigation tactics" are relevant to the Court's consideration of an abstention request. (*See SBM Site Svcs., LLC v. Garrett*, Civil No. 10-cv-00385-WJM-BNB, 2012 WL 628619, *9 (D. Colo. Feb. 27, 2012) (Judge Martinez) (denying abstention in part because "the Court finds that the vexatious nature of Able's litigation tactics weighs in favor of it exercising and retaining jurisdiction over this case"); *see also Denver NMR, Inc. v. Front Range Mobile Imaging, Inc.*, Civil Action No. 08-cv-02695-KMT-BNB, 2009 WL 2913075, *4 (D. Colo. Sept. 8, 2009) (Judge Tafoya) (abstaining where the federal court action was filed *after* the original state filing, finding that "[w]hile not conclusive, however, there is some evidence of forum-shopping by DNMR, which affects the Court's consideration of this factor.").)

## ARGUMENT

There are neither "exceptional circumstances" nor "the clearest of justifications" for this Court to decline to exercise jurisdiction here.

Plaintiff filed the case that is now before this Court over two months ago. This

Court should decline to dismiss or stay plaintiff's case, and the case should move forward so that plaintiff's straightforward breach of contract and good faith and fair dealing claims can be heard on their merits in the forum plaintiff chose.

Considering defendant's tactics, the seven *Colorado River* factors do not favor this Court dismissing or staying this case.

The first factor (which defendant does not address) is "whether the state or federal court has assumed jurisdiction over property in dispute." (*MacIntyre*, 2015 WL 1311241, *3.) This is a simple contract case; there is no property or "res" for any court to assume jurisdiction over.

The second factor – "the inconvenience to the parties of the federal forum" – does not favor abstention. Defendant has already retained two experienced Colorado lawyers who have been actively representing defendant throughout the Colorado case, including filing a motion to dismiss in state court, a notice of removal, and now a motion to dismiss or stay in this Court. Many other facts show why Colorado is an appropriate and convenient jurisdiction, including (a) Colorado is where plaintiff resides, where plaintiff's documents are stored, and where plaintiff's employees reside, (b) Colorado is where plaintiff performed substantially all services for defendant under the contract that forms the basis for the Complaint (Dkt. 6, 5/5/15 Amended Complaint at ¶¶ 9, 21), (c) Colorado is where plaintiff filed the first lawsuit in this dispute, and Colorado is thus plaintiff's chosen, convenient forum, and (d) Colorado is where defendant admits it operated retail stores during the relevant timeframe (Mem. at 4 (¶ 12)), and thus where defendant had "continuous and systematic contacts," not just "minimum contacts."

Defendant nevertheless argues this Court is inconvenient because "[n]one of the events relating to [the] complained-of transaction" occurred in Colorado. (Mem. at 10.) That fact flows from defendant's deception and is also not relevant to the current dispute: (a) in violation of its contract duties, defendant *never told* plaintiff it was engaging in any sale transaction (Dkt. 6, 5/5/15 Amended Complaint, ¶¶ 22-25), so plaintiff did not know there was a sale triggering Section 15 of the contract before it happened, and plaintiff therefore had no opportunity to enforce the Section 15 obligations at the time, and (b) where the transaction occurred has no bearing at all on whether the contract obligation was breached.[2]

Defendant then argues – erroneously and repeatedly under this second factor and several other *Colorado River* factors – that in order for plaintiff to prevail, this Court will be required to "reverse, modify, or extend current Utah law," which defendant says makes Section 15 "unenforceable." (Mem. at 11.) Defendant is wrong about Utah law: (a) the sole case defendant cites involved a different contract provision than the one at issue here, (b) other relevant Utah cases defendant never cites provide that terms in an agreement may be "spelled out, *either expressly or impliedly*,"[3] and (c) no court should

---

[2] As plaintiff pled in the Complaint (which should be taken as true at this stage of the proceedings), Section 15 required defendant (which admits it did business as "Spring Retail Group," which was the contracting party) to enter into "a new engagement letter" with plaintiff if there was a later sale transaction involving Spring. (Dkt. 6, 5/5/15 Am. Compl. at ¶¶ 18-29.) Section 15 was thus part of the consideration that plaintiff accepted to perform the work for Spring that defendant admits plaintiff provided; in violation of Section 15, defendant never even informed plaintiff of the Spring sale, never entered into any new engagement letter in connection with that sale, and never paid plaintiff in connection with that sale. (*Id.*)

[3] *On the Planet v. Intelliquis Int'l, Inc.*, No. 2:99CV324K, 2000 WL 33363260, at *4 (D. Utah May 23, 2000) (emphasis added) (citation omitted) (enforcing settlement agreement where defendants claimed the terms were too "indefinite" to be enforced). Similarly,

7

decide that defendant wins before there is adequate briefing and discovery on the fact issues that Utah law provides are relevant to this dispute, which defendant is trying to shortchange by ending this case before it starts.  Defendant made the same "we will prevail" argument to the Colorado state court, and Judge Lemon held that "it is premature for the Court to resolve the merits."  (Ex. E.)  Regardless, this Court will have no difficulty applying Utah law in a diversity matter.  (*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 584, (2013) ("[F]ederal judges routinely apply the law of a State other than the State in which they sit."). )

The third factor – "avoiding piecemeal litigation" – is an issue defendant created when, after its counsel received plaintiff's Complaint against one "Mergence Corporation," defendant cured the corporate deficiency of the other "Mergence Corporation" and then filed a second lawsuit in Utah in its name.

The fourth factor is "the order in which the courts obtained jurisdiction."  Plaintiff filed first.  Without telling plaintiff or its counsel (and without making good on its counsel's commitment to sign written confirmation of receipt of the Colorado complaint in a form that could be filed), defendant filed a second lawsuit, then waited to inform

---

both the Tenth Circuit and Utah courts have long held that even oral or informal agreements can be enforced. *See, e.g., On the Planet*, 2000 WL 33363260 at *5 (*citing Goodmansen v. Liberty Vending Sys., Inc.*, 866 P.2d 581, 584–85 (Utah Ct. App.1993); *H.B. Zachry Co. v. O'Brien*, 378 F.2d 423, 426 (10th Cir.1967) (*quoting* 165 A.L.R. 757) ("The mere intention to reduce an oral or informal agreement to writing, or to a more formal writing, is not of itself sufficient to show that parties intended that until such formal writing was executed the parol or informal contract should be without binding force."); *Naimie v. Cytozyme Labs., Inc.*, 174 F.3d 1104, 1111–12 (10th Cir.1999) ("[t]he fact that the parties may have intended to subsequently prepare a written instrument does not prevent the verbal agreement from binding the parties."); *Lawrence Constr. Co. v. Holmquist*, 642 P.2d 382, 384 (D. Utah 1982) ("That the parties contemplated subsequent execution of a written instrument as evidence of their agreement did not prevent the oral agreement from binding the parties.").

plaintiff until the day it filed a motion to dismiss the first case.  Defendant says it therefore obtained jurisdiction "first," which places form over substance, as does defendant's argument that "more progress has been achieved in the Utah action" because pleadings have been filed and defendant preemptively moved for summary judgment and served initial discovery.  As discussed above, plaintiff's amendment substituting one Mergence Corporation domicile for another relates back to the date of the original filing under Colorado rules.  (C.R.C.P. 15.)

The fifth factor is "the vexatious nature of the litigation."  Plaintiff believes defendant's actions in filing a second lawsuit in a different forum have been vexatious and were done for the purpose of forum-shopping.[4]

The sixth factor is "whether federal law provides the rule of decision," which it does not in this diversity case.

The final factor is "the adequacy of the state court proceeding to protect the federal plaintiff's rights."  Plaintiff submits that either this Court or the Utah court could protect plaintiff's rights, but that this Court should retain jurisdiction so that this case may be resolved in the state in which plaintiff first initiated this dispute.

---

[4] In *Denver NMR*, this Court found that forum-shopping was relevant to the Court's consider of an abstention request.  2009 WL 2913075 *4.While the Court granted a stay in that case, the Court deferred to an *earlier*-filed action in which the state court had two years of prior proceedings, including an appellate court reversal, and in which "the primary issue involved in the consolidated state case must be resolved" before the federal court could resolve the third-party claim before it.  *Id*. *2-4.  By contrast, the current case involves a later-filed state case filed by the defendant for the purpose of having the parties' dispute heard in defendant's preferred, alternative jurisdiction.

## CONCLUSION

For the foregoing reasons, plaintiff Q Advisors requests that the Court deny defendant's Motion to Dismiss or in the Alternative to Stay this case.

Date: June 8, 2015

Respectfully submitted,

John S. Phillips
Bartlit Beck Herman Palenchar & Scott LLP
1899 Wynkoop St., Suite 800
Denver, Colorado  80202
john.phillips@bartlit-beck.com
Telephone:  (303) 592-3100
Facsimile:  (303) 592-3140

Attorneys for Plaintiff Q Advisors LLC

**CERTIFICATE OF SERVICE**

       I certify that on June 8, 2015, I served a true and correct copy of the foregoing through the CM/ECF system on:

Thomas P. McMahon
Aaron D. Goldhamer
Jones & Keller, P.C.
1999 Broadway, Suite 3150
Denver, Colorado  80202
tmcmahon@joneskeller.com
agoldhamer@joneskeller.com

and via email to:

Steven G. Loosle
Platte S. Nielson
Kruse Landa Maycock & Ricks, LLC
136 East South Temple, Suite 2100
P.O. Box 45561
Salt Lake City, Utah 84145-0561
sloosle@klmrlaw.com
pnielson@klmrlaw.com

                                                    John S. Phillips