**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-01093

Q ADVISORS LLC,

        Plaintiff,

vs.

MERGENCE CORPORATION,

        Defendant.

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE TO STAY THESE PROCEEDINGS PENDING RESOLUTION OF ACTION CURRENTLY PENDING IN UTAH STATE COURT**

Defendant Mergence Corporation, a Delaware corporation ("Mergence-Delaware"), moved to dismiss or in the alternative to stay these proceedings pending resolution of an action currently pending in Utah state court. (ECF Nos. 11 and 17.) Plaintiff Q Advisors opposed the motion (*see* ECF No. 22), and Mergence-Delaware hereby submits this reply memorandum in support of its motion.

**INTRODUCTION**

The *Colorado River* Doctrine requires that this Court either stay or dismiss this matter so that this dispute can be resolved in Utah state court. Utah is the most convenient forum because the parties' contract requires the application of Utah law and provides that the contract was made and performed in Utah. The witnesses and documents are mostly in Utah and Q Advisors has retained Utah counsel. The issues in the Utah and Colorado federal case are identical, and the

Court will avoid piecemeal litigation by granting Mergence-Delaware's motion. The Utah case has also progressed further and a dispositive motion is pending in Utah addressing the key legal issues in this dispute. Q Advisors vexatiously filed this case in Colorado, as this dispute arises from Utah, is governed by Utah law, and is unsupported by existing Utah law. Because this case is governed by Utah law—and Q Advisors can only prevail by convincing a court to modify, reverse, or extend existing Utah law—this Court should defer to the expertise of Utah courts in interpreting Utah law. Finally, Q Advisors admits that the Utah state court will adequately protect its rights. All relevant factors support abstention, and the Court should grant the motion.

## DISCUSSION

### A.     This Colorado federal forum is inconvenient.

Q Advisors incorrectly asserts that the convenience of the parties does not favor abstention. In fact, the inconvenience to the parties of this federal forum counsels in favor of abstention.

The Utah residence of the majority of the witnesses demonstrates that this federal forum is inconvenient as compared to the Utah state court proceeding. (*See* Mergence-Delaware's initial disclosures in the Utah case, Exhibit 8 to the Opening Memorandum, ECF No. 17-8.) Q Advisors has offered no evidence in this case concerning potential witnesses and merely complains generally that Colorado is a more convenient forum because it resides there and offers no details or evidentiary support for its position. Importantly, Q Advisors' own initial disclosures filed in the Utah case describe more Utah-based witnesses than Colorado-based witnesses. (Q Advisors' Initial Disclosures in Utah Case, attached hereto as Exhibit 9.)

Q Advisors also contends that "Colorado is where [it] performed substantially all services for [Mergence-Delaware] under the contract that forms the basis for the Complaint." (ECF No. 22, p. 6.) However, Q Advisors fails to identify the specific services performed in Colorado and fails to provide any supporting evidence. Q Advisors ignores the admitted fact that it performed <u>no</u> services with respect to the complained-of transaction for which it seeks compensation, namely Mergence-Delaware's sale of Spring Communications. Moreover, Q Advisors' assertion is contrary to the written contract that is in dispute. The contract dictates that "this letter agreement shall be governed by and construed in accordance with the laws of the State of Utah as applied to *contracts made and performed in such State*...." (*See* January 18, 2013 engagement letter, ¶ 12, attached as Exhibit C to Declaration of Jason S. Ellis, ECF No. 18-3 (emphasis added).) Q Advisors contractually agreed that the contract in question was made and performed in Utah and therefore Utah law would govern the contract. This contractual admission from Q Advisors is appropriate because Q Advisors is a securities broker-dealer that agreed to perform financial services for Mergence-Delaware, whose principal place of business is in Utah.

Q Advisors also asserts that this federal forum is convenient because its documents reside in Colorado. However Q Advisors cannot identify any specific, significant documents stored in Colorado that have bearing on this dispute (or why those documents cannot be transmitted electronically to Utah). In reality, Q Advisors has <u>no</u> documents about the very transaction which is in dispute, namely Mergence-Delaware's sale of Spring Communications. Q Advisors seeks to excuse this glaring fact by contending that the absence of documents is a result of "defendant's deception" in that Mergence-Delaware "*never told* plaintiff it was engaging in any

sale transaction." (ECF No. 22, p. 7 (emphasis in original).)  Notably, Q Advisors' amended complaint does not contain a fraud claim.  For purposes of the *Colorado River* analysis, it is irrelevant why Q Advisors has no documents that bear on the relevant transaction for which it seeks compensation; the absence of relevant documents in Colorado for the complained-of transaction is no reason to find that Colorado is a more convenient forum.

Q Advisors further asserts that Colorado is a convenient forum because Mergence-Delaware operated retail stores in Colorado during the relevant time period.  Q Advisors has misstated the record.  Until late 2013, Mergence-Delaware owned Spring Communications, which in turned owned Spring, and it was Spring that operated retail stores in Colorado, not Mergence-Delaware.  The operations of subsidiary entities cannot be imputed to Mergence-Delaware.  The retail activities of former subsidiary entities have no bearing on the present dispute, as evidenced by the fact that Q Advisors chose not to sue those subsidiaries.

Q Advisors asserts that this federal forum is convenient because Mergence-Delaware has retained two experienced Colorado lawyers who have actively participated in the Colorado case.  However, Mergence-Delaware's Utah counsel has been lead counsel in this case.  Furthermore, Q Advisors has retained Utah counsel that has appeared and responded on its behalf in the Utah state court matter, including the filing of an answer and counterclaim and other pleadings.

This case has a far stronger connection to Utah than Colorado, and the inconvenience-of-forum factor weighs heavily in favor of abstention.

**B.     Stay or dismissal of this case is necessary to avoid piecemeal litigation.**

The purpose of the *Colorado River* abstention doctrine is to preserve judicial resources and avoid duplicative litigation.  In opposing Mergence-Delaware's motion, Q Advisors asserts

that Mergence-Delaware—which filed the Utah case before it was made a party to this case—is the cause of the piecemeal litigation. Q Advisors' point is irrelevant in the *Colorado River* analysis, as abstention issues always involve competing state and federal lawsuits. Q Advisors has asserted identical claims in Colorado and Utah, and a stay is appropriate to avoid duplicative, piecemeal litigation. (*See* Q Advisors' amended complaint, ECF No. 6, and Q Advisors' Answer and Counterclaim in the Utah case, Exhibit 4 to Opening Memorandum, ECF No. 17-4.) Because Q Advisors' claims in Utah and Colorado are virtually identical, a stay or dismissal is necessary to avoid piecemeal litigation. This factor weighs heavily in support of abstention.

**C.   This Court should abstain because the Utah case has progressed further.**

Q Advisors asserts that it filed its complaint first, and further contends that even though it named the wrong party in its initial complaint, its amended complaint should relate back under procedural rules to the initial filing such that abstention is inappropriate. However, the *Colorado River* doctrine does not call for such a mechanical, technical analysis of who filed first. There is no such thing as a rigid first-filed rule incorporating a relation-back doctrine. Rather, the *Colorado River* doctrine requires a balancing of various factors, one of which is the order in which jurisdiction was obtained in the respective cases. With respect to the order of jurisdiction, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress had been made in the two actions." *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 3 (1983). Q Advisors does not and cannot contend that this case has progressed further than the Utah case. Rather, it blames Mergence-Delaware for "preemptively" moving the Utah case along. (Opposing Memorandum, p. 9, ECF No. 22.)

Mergence-Delaware has not yet even responded to the complaint in this case. In the Utah case, Q Advisors has filed an answer and a counterclaim, and Mergence-Delaware has filed a reply to the counterclaim. (*See* Mergence-Delaware's reply, attached hereto as Exhibit 10.) In addition, both parties in the Utah case have provided initial disclosures. (*See* Q Advisors' initial disclosures in the Utah case, attached hereto as Exhibit 9.) Mergence-Delaware has propounded discovery in the Utah case and has filed a dispositive motion. (*See* Mergence-Delaware's Discovery Requests, attached as Exhibit 11.) As addressed below, the dispositive motion filed in the Utah case addresses the critical threshold issue that must be resolved in this case.

Q Advisors suggests that the Court should excuse the fact that the Colorado case has lagged behind the Utah case because it innocently sued the wrong corporate party. However, the reasons why the Colorado case has not progressed further are irrelevant to the *Colorado River* analysis.[1]

There is no dispute that the Utah case has progressed further, and this factor weighs heavily in favor of stay or dismissal of this case.

### D.  Abstention is appropriate because Q Advisors has engaged in vexatious forum shopping.

Q Advisors asserts that abstention is inappropriate because Mergence-Delaware has

---

[1] Q Advisors admits that it erroneously named Mergence Corporation, a Nevada corporation, in its initial complaint rather than Mergence-Delaware. There is no excuse for this mistake. Q Advisors admitted in its first complaint that "Mergence held itself out as a Delaware corporation" yet Q Advisors inexplicably failed to sue the Delaware entity. (*See* Colorado state court complaint, ¶ 19, Exhibit 1 to Opening Memorandum, ECF No. 17-1.) Furthermore, Q Advisors was heavily involved in Mergence-Delaware's sale of Simply Mac and was paid $690,000 for its services. (Declaration of Jason S. Ellis, ¶ 4, ECF No. 18-2.) The documents related to that transaction unambiguously described Mergence-Delaware as a Delaware corporation. (*See* Stock Purchase Agreement, p. 1, Exhibit B to Jason S. Ellis Declaration, ECF No. 18-2.) Q Advisors ignored known facts when it sued the wrong corporate entity so that it could sue an individual in addition to a corporate entity. Because the corporate charter of Mergence Corporation, a Nevada corporation was expired at the time of the contract with Q Advisors, Q Advisors chose to sue the Nevada entity so it would have an excuse to sue Ellis.

engaged in vexatious forum shopping by filing litigation in Utah.  Q Advisors offers no case authority defining "forum shopping" and little argument to support its position.  In reality, Q Advisors has engaged in inappropriate forum shopping.

In the context of the *Colorado River* Doctrine, case law describes forum shopping as when a party files a second lawsuit in order to avoid adverse rulings in the earlier litigation or to gain tactical advantage from procedural rules.  *Intern'l Asset Mgmt., Inc. v. Holt*, 487 F. Supp. 2d 1274, 1286 (N.D. Okla. 2007).  Q Advisors cannot and does not make any argument that these criteria apply. Q Advisors filed its lawsuit on March 17 (against the wrong parties) and Mergence-Delaware filed its lawsuit on March 18.  The lawsuits were filed at substantially the same time, and no adverse rulings in Q Advisors' case motivated the second lawsuit.

In the context of competing federal court cases, case law provides that forum shopping occurs "when a litigant selects a forum with only a slight connection to the factual circumstances of its action."  *Everest Cap. v. Everest Funds Mgmt.*, 178 F. Supp. 2d 459, 470 (S.D.N.Y. 2002). Under this test, Q Advisors has engaged in forum shopping.  Q Advisors offered its financial services to a company with its principal place of business in Utah, and contractually agreed that the agreement was made and performed in Utah.  The transaction for which Q Advisors seeks compensation—Mergence-Delaware's sale of Spring Communications—has no connection whatsoever to Colorado, and Mergence-Delaware has never done business in Colorado. Furthermore, the contract is governed by Utah law.  Nonetheless, undoubtedly in an effort to increase litigation costs and force a settlement, Q Advisors filed litigation in Colorado, and further has asserted claims that are unsupportable under existing Utah law.  In seeking to sustain the Colorado case, Q Advisors asserts, with no supporting evidence, that it performed its services

in Colorado, contrary to the Utah contract it entered into with Mergence-Delaware.  Q Advisors is pursuing vexatious litigation, not Mergence-Delaware.

Finally, there is nothing improper about Mergence-Delaware filing an action for declaratory relief.  Utah law provides that "An action or proceeding may not be open to objection on the ground that a declaratory judgment or decree is prayed for."  Utah Code Ann. § 78-6-401.  *See also U.S. v. Doherty,* 786 F.2d 491, 498-99 (2nd Cir. 1986) (threatened party entitled to bring declaratory action to determine rights).

The vexatious nature of Q Advisors' claim weighs heavily in favor of abstention.

**E.     Abstention is appropriate because this case is governed by Utah law, and not by federal or Colorado law, and Q Advisors can only prevail if a Court chooses to reverse, modify or extend current Utah law.**

Q Advisors' entire case hinges on whether an agreement to negotiate future contract terms is enforceable under Utah law.  (*See* January 18, 2013 engagement letter, ¶ 15, Exhibit C to Declaration of Jason S. Ellis, ECF No. 18-3.) This is a threshold legal issue which has important bearing on the scope of discovery and all further proceedings in this dispute.  For these reasons, in the Utah case Mergence-Delaware has filed a motion for summary judgment addressing this very issue.  As outlined in Mergence-Delaware's motion for summary judgment, in nearly identical circumstances, Utah courts have refused to enforce an agreement to negotiate. (*See* Exhibit 7 to Mergence-Delaware's Opening Memorandum, ECF No. 17-7.)  Q Advisors can only succeed in this case if it is successful in arguing that existing Utah law should be reversed, modified or extended.  This is an issue most appropriately addressed by a Utah court.

Q Advisors argues that Mergence-Delaware has misstated Utah law with respect to the enforceability of an agreement to negotiate.  However, the cases cited by Q Advisors are not on

point and address whether parties had agreed to essential present contract terms, not whether an agreement to negotiate future contract terms is enforceable.

Q Advisors also contends it is premature for this Court to address the merits of this case and federal courts are well-equipped to address state law questions. Q Advisors misses the point. Mergence-Delaware is not asking this Court to resolve the merits. Mergence-Delaware is merely informing the Court of the nature of the underlying legal issues because this is highly relevant to whether this case should proceed in federal court in Colorado or in a Utah state court. This Court addressed this very issue in *Denver NMR, Inc. v. Front Range Mobile Imaging, Inc.*, Civil Action No. 08-cv-02695-KMT-BNB, 2009 WL 2913075, p. 3 (D. Colo. Sept. 8, 2009) (Judge Tafoya). In *Denver NMR*, the court ordered abstention, reasoning in part that "contract interpretation is generally governed by the application of state law…" and "[i]t is appropriate that the Colorado state courts resolve this state law issue." Here, the identical reasoning applies. *See also Clark v. Lacy,* 376 F.3d 682, 688 (7th Cir. 2004) (abstention appropriate because a federal court should defer to a state court's expertise in applying its own law).

Abstention is especially appropriate because Q Advisors only can prevail if it succeeds in convincing a court to adopt novel and complex exceptions to the rule that agreements to negotiate are not enforceable. Utah courts should address and define whether and to what extent an agreement to negotiate is enforceable, including what if any remedy would be available. If the Court is willing to reverse or modify existing Utah law, complex and novel legal issues will remain concerning the nature and extent of the duty to negotiate and what remedy would be available. For example, the Court would have to determine whether Q Advisors would be

entitled to expectancy damages based upon hypothetical contract terms that were never negotiated, or some sort of reliance-based measure of damages, or some other measure entirely.

This factor weighs heavily in favor of abstention. A motion is already pending in Utah addressing this very issue.

### F. Abstention is appropriate because the Utah state court will adequately protect Q Advisors' interests.

Q Advisors admits that the Utah court will adequately protect its interests. This factor weighs in favor of abstention.

## CONCLUSION

For the reasons set forth above, the Court should dismiss this case, or, alternatively, enter an order staying this case pending resolution of the Utah case.

DATED this 22nd day of June, 2015.

| | |
|---|---|
| JONES & KELLER, P.C. | KRUSE LANDA MAYCOCK & RICKS, LLC |
| 1999 Broadway, Suite 3150 | 136 East South Temple, Suite 2100 |
| Denver, CO 80202 | Salt Lake City, Utah 84145-0561 |
| Telephone: (303) 573-1600 | Telephone: (801) 531-7090 |
| tmcmahon@joneskeller.com | sloosle@klmrlaw.com |
| agoldhamer@joneskeller.com | pnielson@klmrlaw.com |
| | |
| /s/ Aaron Goldhamer | /s/ Steven G. Loosle |
| Thomas P. McMahon | Steven G. Loosle |
| Aaron D. Goldhamer | Platte S. Nielson |
| *Attorneys for Defendant* | *Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2015, I electronically filed the foregoing REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE TO STAY THESE PROCEEDINGS PENDING RESOLUTION OF ACTION CURRENTLY PENDING IN UTAH STATE COURT electronically through the CM/ECF system which caused the following to be served by electronic means:

>John S. Phillips
>Sean C. Grimsley
>BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
>1899 Wynkoop Street, 8th Floor
>Denver, CO  80202

/s/Lynn Javadi