EXHIBIT 10

Steven G. Loosle (4874)
Platte S. Nielson (13312)
KRUSE LANDA MAYCOCK & RICKS, LLC
136 East South Temple, Suite 2100
P. O. Box 45561
Salt Lake City, Utah  84145-0561
Telephone:  (801) 531-7090
sloosle@klmrlaw.com
pnielson@klmrlaw.com
*Attorneys for Plaintiff*

IN THE THIRD JUDICIAL DISTRICT IN AND FOR
SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| MERGENCE CORPORATION, dba SPRING RETAIL GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Q ADVISORS LLC, a Colorado limited liability company,<br><br>Defendant. | **REPLY TO COUNTERCLAIM**<br><br><br><br>Civil No. 150901798<br>Judge James Gardner |

Mergence Corporation, dba Spring Retail Group ("Mergence-Delaware") hereby answers the Counterclaim of Q Advisors LLC as follows:

1. In response to paragraph 1 of the Counterclaim, Mergence-Delaware admits that it is the registered owner of the dba Spring Retail Group.  Mergence-Delaware further admits that Spring Communications Holding, Inc. was its wholly owned subsidiary in 2013, and Spring Communications, Inc. was the wholly owned subsidiary of Spring Communications Holding, Inc.  Mergence-Delaware further admits that these entities did business from 3939 South Wasatch Boulevard in Salt Lake City.  Mergence-Delaware denies the remaining allegations in paragraph 1.

2. In response to paragraph 2 of the Counterclaim, Mergence-Delaware admits that Jason S. Ellis is a resident of Utah and that he has had various roles with Mergence-Delaware and related entities, and denies the remaining allegations in paragraph 2.

3. In response to paragraph 3 of the Counterclaim, Mergence-Delaware admits that Brett Bradshaw and Vernon Dickman are members of the Board of Directors of Mergence-Delaware and have had various roles with Mergence-Delaware and related entities, and denies the remaining allegations in paragraph 3 of the Counterclaim.

4. In response to paragraph 4 of the Counterclaim, Mergence-Delaware admits that Ellis, Bradshaw and Dickman are shareholders of Mergence-Delaware, but denies the remaining allegations in paragraph 4.

5. In response to paragraph 5 of the Counterclaim, Mergence-Delaware admits that Kent Forsgren was involved in negotiations with respect to obtaining services from Q Advisors, including services related to raising financing, and denies the remaining allegations in paragraph 5.

6. In response to paragraph 6 of the Counterclaim, Mergence-Delaware admits that Ellis and others were involved in negotiations with respect to retaining services from Q Advisors, and denies the remaining allegations in paragraph 6.

7. In response to paragraph 7 of the Counterclaim, Mergence-Delaware admits that Ellis and Forsgren negotiated agreements with Q Advisors, and denies the remaining allegations in paragraph 7.

8. Admit.

9. In response to paragraph 9 of the Counterclaim, Mergence-Delaware admits that Ellis was an officer and agent of Mergence-Delaware when he signed the agreement, but denies the remaining allegations in paragraph 9.

10. Admit.

11. In response to paragraph 11 of the Counterclaim, Mergence-Delaware asserts that the agreement is a written document which speaks for itself, and denies all allegations in paragraph 11 that are inconsistent with the agreement.

12. In response to paragraph 12 of the Counterclaim, Mergence-Delaware asserts that the agreement is a written document which speaks for itself, and denies all allegations in paragraph 12 that are inconsistent with the written agreement.

13. In response to paragraph 13 of the Counterclaim, Mergence-Delaware asserts that the agreement is a written document which speaks for itself, and denies all allegations in paragraph 13 that are inconsistent with the written agreement.

14. In response to paragraph 14 of the Counterclaim, Mergence-Delaware asserts that the agreement is a written document which speaks for itself, and denies all allegations in paragraph 14 that are inconsistent with the written agreement. Mergence-Delaware further admits to a prior agreement with Q Advisors, and denies the remaining allegations in paragraph 14.

15. In response to paragraph 15 of the Complaint, Mergence-Delaware admits that Spring Communications Holding, Inc., Spring Communications, Inc., and other entities completed a debt transaction with Fifth Third Bank in July 2013 and that Q Advisors provided advisory services, and denies the remaining allegations in paragraph 15.

16. In response to paragraph 16 of the Counterclaim, Mergence-Delaware admits that its subsidiary entities communicated with Q Advisors by email and phone with respect to services rendered by Q Advisors, but denies the remaining allegations in paragraph 16.

17. In response to paragraph 17 of the Counterclaim, Mergence-Delaware admits that through its agents it had discussions concerning the sale of Spring Communications Holding, Inc. and that Q Advisors had no involvement in the transaction, and denies the remaining allegations in paragraph 17.

18. In response to paragraph 18 of the Counterclaim, Mergence-Delaware admits that it agreed to sell Spring Communications Holding, Inc. and that Q Advisors had no involvement in the transaction, and denies the remaining allegations in paragraph 18.

19. In response to paragraph 19 of the Counterclaim, Mergence-Delaware admits that it sold Spring Communications Holding, Inc. to GameStop in or about November 2013, which sale terms are set forth in a written agreement which speaks for itself, and denies any allegations in paragraph 19 that are inconsistent with the written documents. Mergence-Delaware further admits that it sold another subsidiary, Simply Mac, Inc., to GameStop in a transaction for which Q Advisors provided investment banking services, and denies the remaining allegations in paragraph 19.

20. In response to paragraph 20, Mergence-Delaware admits that Q Advisors had no involvement in the sale of Spring Communications Holding, Inc. to GameStop in or about November 2013, and denies the remaining allegations in paragraph 20.

21. In response to paragraph 21, Mergence-Delaware admits that no terms were ever agreed to for investment advisory services from Q Advisors with respect to the sale of Spring Communications Holding, Inc. and denies the remaining allegations in paragraph 21.

22. In response to paragraph 22 of the Counterclaim, Mergence-Delaware admits that no fees were paid to Q Advisors in connection with the sale of Spring Communications Holding, Inc. in or about November 2013, further asserts that no such fees are owed, and denies the remaining allegations in paragraph 22 of the Counterclaim.

23. In response to paragraph 23 of the Counterclaim, Mergence-Delaware admits that no fees have been paid to Q Advisors in connection with the sale of Spring Communications Holding, Inc. in or about November 2013, further asserts that no such fees are owed, and denies the remaining allegations in paragraph 23.

24. In response to paragraph 24 of the Counterclaim, Mergence-Delaware asserts that no such fees have been paid and are not owed, and denies all remaining allegations in paragraph 24.

25. In response to paragraph 25 of the Counterclaim, Mergence-Delaware admits that Q Advisors claims the right to damages in excess of $300,000 but denies that any such fees are owed, and denies the remaining allegations in paragraph 25.

26. In response to paragraph 26 of the Counterclaim, Mergence-Delaware hereby incorporates the foregoing responses.

27. Mergence-Delaware denies each and every allegation in paragraph 27 of the Counterclaim.

28. Mergence-Delaware denies each and every allegation in paragraph 28 of the Counterclaim.

29. Mergence-Delaware denies each and every allegation in paragraph 29 of the Counterclaim.

30. Mergence-Delaware denies each and every allegation in paragraph 30 of the Counterclaim.

31. In response to paragraph 31 of the Counterclaim, Mergence-Delaware hereby incorporates by reference the foregoing responses.

32. Mergence-Delaware denies each and every allegation in paragraph 32 of the Counterclaim.

33. Mergence-Delaware denies each and every allegation in paragraph 33 of the Counterclaim.

34. Mergence-Delaware denies each and every allegation in paragraph 34 of the Counterclaim.

## FIRST DEFENSE

The Counterclaim fails to state a claim for which relief can be granted.

## SECOND DEFENSE

Q Advisors' claims are barred because of failure to join indispensable parties.

## THIRD DEFENSE

Q Advisors' claims are barred in whole or in part by the doctrines of waiver, laches, and estoppel.

**FOURTH DEFENSE**

Q Advisors' claims are barred in whole or in part because of inadequate consideration or failure of consideration.

**FIFTH DEFENSE**

Q Advisors' claims are barred because Mergence-Delaware did not breach any duties and at all times acted in good faith.

**SIXTH DEFENSE**

Q Advisors' claims are barred, in whole or in part, because intervening and supervening causes outside of Mergence-Delaware's control are responsible for the alleged damages, if any.

**SEVENTH DEFENSE**

To the extent Mergence-Delaware has any liability, fault should be apportioned among other responsible parties pursuant to UTAH CODE ANN. § 78B-5-820.

**EIGHTH DEFENSE**

Q Advisors' claims are barred because of its failure to mitigate its damages, if any.

**NINTH DEFENSE**

Q Advisors knows or should know based upon reasonable investigation that no enforceable contract exists with respect to compensation for the sale of Spring Communications Holding, Inc. under Utah law. *See King v. Nev. Elec. Inv. Co.*, 893 F. Supp. 1006, 1015-18 (D. Utah 1994). Accordingly, the claims and allegations set forth in the Counterclaim are without merit and not brought in good faith, and Mergence-Delaware is entitled to recover attorney fees and costs pursuant to UTAH CODE ANN. § 78B-5-825.

## TENTH DEFENSE

Mergence-Delaware neither engaged nor failed to engage in any act, practice, or course of business that might or could have operated as a harm to Q Advisors.

## ELEVENTH DEFENSE

Q Advisors' claims are barred, in whole or in part, by its own failures in connection with contractual and/or common-law duties and obligations.

## TWELFTH DEFENSE

Q Advisors' claims are barred because it acquiesced to Mergence-Delaware's conduct and is now estopped from asserting that such conduct caused injury.

## THIRTEENTH DEFENSE

Q Advisors' claims are barred by the doctrine of unclean hands.

WHEREFORE, having answered the Counterclaim in full, Mergence-Delaware requests that the Counterclaim be dismissed with prejudice, that Mergence-Delaware be awarded its attorney fees and costs incurred herein, and for such other relief as the Court deems proper in the circumstances.

DATED this 21st day of May, 2015.

KRUSE LANDA MAYCOCK & RICKS, LLC

/s/Steven G. Loosle
Steven G. Loosle
Platte S. Nielson
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2015, I electronically filed the foregoing REPLY TO COUNTERCLAIM with the Clerk of the Court by using the electronic filing system which will send a notice of electronic filing to the following:

>Royce B. Covington
>J. Mason Kjar
>Parr Brown Gee & Loveless, P.C.
>101 South 200 East, Suite 700
>Salt Lake City, UT  84111
>*Attorneys for Q Advisors, LLC*

/s/Lynn Javadi