EXHIBIT 11

Steven G. Loosle (4874)
Platte S. Nielson (13312)
KRUSE LANDA MAYCOCK & RICKS, LLC
136 East South Temple, Suite 2100
P. O. Box 45561
Salt Lake City, Utah  84145-0561
Telephone:  (801) 531-7090
sloosle@klmrlaw.com
pnielson@klmrlaw.com
*Attorneys for Plaintiff*

IN THE THIRD JUDICIAL DISTRICT IN AND FOR
SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| MERGENCE CORPORATION, dba SPRING RETAIL GROUP, a Delaware corporation,<br><br>         Plaintiff,<br><br>vs.<br><br>Q ADVISORS LLC, a Colorado limited liability company,<br><br>         Defendant. | **PLAINTIFF'S FIRST SET OF INTERROGATORIES**<br><br><br>Civil No. 150901798<br>Judge James Gardner |

Pursuant to Rule 33 of the Utah Rules of Civil Procedure, Plaintiff Mergence Corporation, dba Spring Retail Group, a Delaware corporation ("Mergence-Delaware"), by and through counsel, hereby requests Defendant Q Advisors LLC ("Q Advisors") to answer the following interrogatories under oath, within twenty-eight (28) days after service of the interrogatories.

**DEFINITIONS AND TERMS**

Unless otherwise required by the context, the following terms shall have the meanings set forth:

2

A. The terms "you," "your," and "yourself" refer to Q Advisors or any of its agents, employees, officers, or directors.

B. The term "person" includes individuals, corporations, nonprofit corporations, limited liability companies, associations, businesses, governmental bodies, and any other organization or legal entity.

C. The term "document" refers to any and all written or graphic matter, whether electronically recorded or in hard copy, however produced or reproduced, and of every kind or description in the actual or constructive possession, control or custody of Q Advisors, including its attorneys, accountants, consultants, and associates, which documents shall include, but not be limited to, copies and duplicates and preliminary working papers and final drafts and transcriptions of all letters, bulletins, invoices, financial statements, reports, minutes of meetings, contracts, agreements, analyses, summaries, work sheets, memoranda, notes, statements, telegrams, mailgrams, notices, interoffice communications, corporate policy statements, manuals, procedures, interdepartmental correspondence, telexes, conversation records, purchase orders, photographs, photograph negatives, magnetic tapes, auto recording discs, operating statements, diaries, microfilm, booklets, circulars, pamphlets, studies, computer runs, bank statements, account statements, deposit slips, canceled checks, wire transfer documents, ledgers, correspondence, e-mail messages, and all other writings of any type whatsoever regardless of source or author.

D. The terms "state in detail" and "describe in detail" mean that you are requested to provide a full and complete narrative response to the interrogatory in question and specifically

{00301289/1 }                                    2

identify each and every individual, entity, document, conversation, act, event, occurrence, or object which is in any way related to the matter inquired into.

E. The term "identify" means, if concerning a person or entity, stating the name, address, and telephone number of such person or entity, and if concerning a document, the type of document, the name of the document (if any), the date of the document, and, if applicable, the sender and recipient.

F. The term "Engagement Letter No. 2" refers to the January 18, 2013 Engagement Letter attached as Exhibit A to the Complaint in this matter.

## INSTRUCTIONS

A. In answering these interrogatories, you should furnish all information available, including all information within the knowledge or possession of your attorneys or other agents and representatives. If you cannot answer the interrogatories in full after exercising due diligence to secure the information to do so, then answer to the extent possible, describing in detail all the reasons for your inability to answer the remainder, including in complete detail why the information is not available to you and what has been done to locate the information.

B. Whenever any information or document is not included in an answer because of a claim of confidentiality, privilege or any other protection from disclosure, please state the basis for such claim and identify and describe the nature of the information or document as fully as possible.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Describe in detail each of the ways you believe Mergence-Delaware breached Engagement Letter No. 2 and the covenant of good faith and fair

{00301289/1 }                                   3

dealing implied in Engagement Letter No. 2, and identify all documents that relate to, support, or contradict your belief.

**INTERROGATORY NO. 2:** With respect to each of your claims for relief, describe in detail all damages, including specific amounts, which you contend you should recover in this matter and the factual basis for all such damages, and identify all documents that relate to, support, or contradict your contention.

**INTERROGATORY NO. 3:** Describe in detail each of the terms you believe should have or would have been included in the new engagement letter referenced in paragraph 15 of Engagement Letter No. 2 and the factual bases for your belief, and identify all documents that relate to, support, or contradict your belief.

**INTERROGATORY NO. 4:** Describe in detail each occasion, before and after you entered into Engagement Letter No. 2., where you had negotiations or communications with Mergence-Delaware or related entities about a future sale or recapitalization which fell or would fall within the parameters of paragraph 15 of Engagement Letter No. 2, including but not limited to the following:

    a. State the date(s) of the negotiation or communication;

    b. State the means of negotiation or communication (i.e. in person, telephone, email, etc.);

    c. Identify all persons present during the negotiation or communication or who received the negotiation or communication;

    d. Describe in detail the content of the negotiation or communication; and

    e. Identify all documents that relate to, support, or contradict your answer.

**INTERROGATORY NO. 5:** Describe in detail the factual basis for your assertion in paragraph 19 of your Counterclaim that Mergence-Delaware sold Spring to GameStop Corp. in November 2013 in a transaction with a total enterprise value of approximately $97 million, and identify all documents that relate to, support, or contradict your assertion.

DATED this 20th day of May, 2015.

                                                       KRUSE LANDA MAYCOCK & RICKS, LLC

                                                      /s/ Steven G. Loosle
                                                      Steven G. Loosle
                                                      Platte S. Nielson
                                                      *Attorneys for Plaintiff*

Steven G. Loosle (4874)
Platte S. Nielson (13312)
KRUSE LANDA MAYCOCK & RICKS, LLC
136 East South Temple, Suite 2100
P. O. Box 45561
Salt Lake City, Utah  84145-0561
Telephone:  (801) 531-7090
sloosle@klmrlaw.com
pnielson@klmrlaw.com
*Attorneys for Plaintiff*

IN THE THIRD JUDICIAL DISTRICT IN AND FOR
SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| MERGENCE CORPORATION, dba SPRING RETAIL GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Q ADVISORS LLC, a Colorado limited liability company,<br><br>Defendant. | **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Civil No. 150901798<br>Judge James Gardner |

Pursuant to Rule 34 of the Utah Rules of Civil Procedure, Plaintiff Mergence Corporation, dba Spring Retail Group, a Delaware corporation ("Mergence-Delaware"), by and through counsel, hereby requests Defendant Q Advisors LLC ("Q Advisors") to respond to the following requests for production of documents within the time provided by the rule.

**DEFINITIONS AND TERMS**

Unless otherwise required by the context, the following terms shall have the meanings set forth:

A. The terms "you," "your," and "yourself" refer to Q Advisors or any of its agents, employees, officers, or directors.

{00301325/1 }    1

B.    The term "person" includes individuals, corporations, nonprofit corporations, limited liability companies, associations, businesses, governmental bodies, and any other organization or legal entity.

C.    The term "document" refers to any and all written or graphic matter, whether electronically recorded or in hard copy, however produced or reproduced, and of every kind or description in the actual or constructive possession, control or custody of Q Advisors, including its attorneys, accountants, consultants, and associates, which documents shall include, but not be limited to, copies and duplicates and preliminary working papers and final drafts and transcriptions of all letters, bulletins, invoices, financial statements, reports, minutes of meetings, contracts, agreements, analyses, summaries, work sheets, memoranda, notes, statements, telegrams, mailgrams, notices, interoffice communications, corporate policy statements, manuals, procedures, interdepartmental correspondence, telexes, conversation records, purchase orders, photographs, photograph negatives, magnetic tapes, auto recording discs, operating statements, diaries, microfilm, booklets, circulars, pamphlets, studies, computer runs, bank statements, account statements, deposit slips, canceled checks, wire transfer documents, ledgers, correspondence, e-mail messages, and all other writings of any type whatsoever regardless of source or author.

D.    The term "Engagement Letter No. 2" refers to the January 18, 2013 Engagement Letter attached as Exhibit A to the Complaint in this matter.

### INSTRUCTIONS

A.    Each request solicits all documents available to you or obtainable by you from any source, including documents which you or any of your attorneys, agents, employees, or

representatives have the legal right to obtain or have the ability to obtain from any source whatsoever.

B.  As to each requested document which was at one time but is no longer in existence, state the following:

(1)  The type of document;

(2)  The information contained therein;

(3)  The date upon which the document ceased to exist;

(4)  The circumstances under which it ceased to exist;

(5)  The identity of each person having knowledge of the circumstances under which it ceased to exist; and

(6)  The identity of each person who has or had knowledge of its contents.

C.  These requests include the production of all non-identical copies, including drafts and copies upon which notes have been made.

D.  To the extent that you object to any request, describe in detail the reasons for your objection. If any document is withheld under a claim of privilege, set forth the factual basis for your claim of privilege in sufficient detail so as to permit the court to adjudicate the validity of that claim, and describe the document by date, author, and recipients (including all persons who were shown, had access to, or received a copy), and give a general description of the subject matter of the document and the present location of the document. If you object in part to any request, produce all documents included in the remainder of that request.

E.  If any document cannot be produced in full, produce such document to the extent possible, specifying the reasons for your inability to produce the remainder and stating what information, knowledge, or belief you have concerning the unproduced portion.

F.  These requests shall be deemed continuing so as to require you to provide supplemental documents to the extent that you obtain further relevant information after serving your response hereto.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**  Produce all documents directly supporting, relating to, or contradicting your contention that Mergence-Delaware breached Engagement Letter No. 2 and the covenant of good faith and fair dealing implied in Engagement Letter No. 2.

**REQUEST NO. 2:**  Produce all documents evidencing, supporting, or relating to the damages you contend you should recover from Mergence-Delaware in this matter, including but not limited to any damages for Mergence-Delaware's sale of its interest in Spring Communications Holding, Inc. to GameStop Corp., any compensatory damages, and any other damages.

**REQUEST NO. 3:**  Produce all documents evidencing, supporting, relating to, or contradicting your contentions in paragraphs 5 and 6 of your Counterclaim.

**REQUEST NO. 4:**  Produce all documents evidencing, supporting, relating to, or contradicting your contentions in paragraph 19 of your Counterclaim.

**REQUEST NO. 5:**  Produce all documents evidencing, supporting, or relating to what you believe should have or would have been the terms of the new engagement letter referenced in paragraph 15 of Engagement Letter No. 2, including but not limited to all contracts for similar services entered into by you with any third parties.

**REQUEST NO. 6:** Produce all documents evidencing communications, including emails, letters, facsimiles, notes, or other, related to Engagement Letter No. 2, including communications regarding negotiations of the letter, representations made in connection with the letter, terms and provisions of the letter, drafts of the letter, payments to you for services you provided pursuant to the letter, and fees or other payments you allege are still owed pursuant to the letter.

**REQUEST NO. 7:** Produce all documents evidencing communications, including emails, letters, facsimiles, notes, or other, related to the transaction where Mergence-Delaware sold its interest in Spring Communications Holding, Inc. to GameStop Corp.

**REQUEST NO. 8:** Produce all documents identified by you in your answers to Plaintiff's First Set of Interrogatories.

DATED this 20th day of May, 2015.

                  KRUSE LANDA MAYCOCK & RICKS, LLC

                  /s/ Steven G. Loosle
                  Steven G. Loosle
                  Platte S. Nielson
                  *Attorneys for Plaintiff*